SHELDON *vs.* WEEKS and others.

A motion to dissolve an injunction, made at a special term of the supreme court, may so far affect the merits as to be the subject of a rehearing at a general term, within the 7th section of the " act to facilitate the determination of existing suits in the courts of this state," passed April 12, 1848.

In what cases a motion of that nature will not involve the merits.

A motion for a receiver does not involve the merits, and therefore cannot be reheard.

IN EQUITY.    This was a creditor's bill against the judgment debtor and his brother and son, to whom, on his failure in business, he had made an assignment of all his property for the benefit of his creditors,    The bill alleged that the assignment was fraudulent, and sought to have it set aside.    The debtor had conveyed the house in which he lived to one brother, in trust for his wife; had conveyed two other houses to another brother, in payment of an alleged debt to him, and two other houses to another brother in the same manner.    He had conveyed all his household furniture to his son, a single man, who lived with his parents, and then made the assignment in question, comprehending his choses in action and a few articles of personal property.    On the filing of the bill an injunction issued restraining the defendants from meddling with, or disposing of, any of the debtor's property, extending to the property thus assigned.    After the answers were put in, a motion was made to dissolve the injunction; which was denied.    A motion for a receiver was also made, which was granted as to all the property covered by the general assignment, as well as of the household furniture, and the property of the debtor generally.

*E. Sandford*, for the defendants, moved for a rehearing as to both motions.

*H. P. Hastings*, contra.

Sheldon v. Weeks.

*By the Court,* EDMONDS, J. The "act to facilitate the determination of existing suits in the courts of this state," passed April 12th, 1848, enacts that no rehearing shall take place at a general term, of an order made at a special term, unless the same involves the merits. (*Laws of* 1848, *p.* 566, § 7.) It has been considered quite doubtful whether a motion to dissolve an injunction so far involved the merits as to be the subject of an appeal, where the appeal was confined to matters affecting the merits only. But it seems now to be settled that it does ; or at least that it may ; so that a motion to dissolve an injunction is not necessarily excluded from the operation of an appeal. There are cases, however, where such a motion would not involve the merits ; and this, I think, is of that kind. The injunction extends to the assigned property, and is not confined to that which confessedly belonged to the debtor at the time of filing the bill. The debtor, in his answer, admitting the recovery of the judgment against him, the issuing of the execution and the return of nulla bona thereon, the injunction issued of course, as against him. As to the other defendants, the granting or dissolving the injunction decided nothing as to the rights of the parties. It merely provided for the preservation of the property in dispute, pending the litigation.

The motion for a receiver does not involve the merits, and therefore cannot be reheard. It was so held by the court of errors in *Chapman* v. *Hammersley*, (4 *Wend.* 173.) In that case, pending a suit in chancery, the chancellor directed the property in dispute to be sold, and the money to be brought into court. On an appeal to the court of errors, that court unanimously held—Marcy, J. delivering the opinion—that the order made by the chancellor did not affect the merits, and therefore was not the subject of appeal. It was aside of the merits, and related only to the preservation of the property. The rights of the respective parties were not touched upon. That case was recognized in *Rowley* v. *Van Benthuysen*, (16 *Wend.* 376,) and is decisive of this motion.

Motion to rehear denied, with costs to be taxed.