(45 Misc. Rep. 551.)

## In re ROBINSON.

(Surrogate's Court, Putnam County.  December, 1904.)

**1. DESCENT AND DISTRIBUTION—DEBTS OF HEIR.**

In the settling of an account by an administrator he may set off against the share due the next of kin a debt due by such heir and contracted during the lifetime of the decedent.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 1170.]

**2. SAME—ADVANCEMENTS.**

Advancements made during the lifetime of the decedent will not be presumed to be intended as gifts, without evidence to that effect.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Descent and Distribution, § 426.]

In the matter of the settlement of the accounts of William J. Robinson, administrator of Elizabeth Robinson, deceased.  Decree rendered.

See 85 N. Y. Supp. 1087.

Clayton Ryder, for administrator.

Frank M. Tichenor, for contestant.

SOUTHARD, S.  This proceeding comes before this court upon the objections filed by Nelson C. Robinson, a brother of the decedent, and who (Nelson C. Robinson), during the pendency of the proceeding, died, and his administrator appeared and continued the contest under the objections as originally filed.

The first objection was that certain personal property was alleged to have been owned by the decedent at the time of her death, and should have been charged to the administrator; but it does not appear that the articles (horse, wagon, and harness) ever belonged to the decedent or came to the administrator's hands.

The second objection was that there was no voucher for the payment of a certain note not alleged to have been made by the administrator; but the note as paid was introduced in evidence and identified by the administrator, and appears to have been satisfied and discharged in the course of the due administration of the decedent's estate.

The third objection was that there was no voucher for the alleged payment of a bill presented by Susan N. Kent; but the testimony as heretofore taken (pages 50 and 54 of the stenographer's minutes), as well as other testimony taken afterward in the proceeding, apparently was that the bills were duly presented, and no objection was made by the administrator, as provided by statute in the event that the personal representative of the decedent's estate doubts the validity of any claim, and so, consequently, in the course of due administration, the administrator is entitled to be credited with the payment thus made.

The fourth objection was that there was no voucher for the alleged payment to one of the decedent's next of kin, but this objection was waived by both parties, and therefore it is not necessary to consider it at this time.

The fifth and sixth objections are the main objections, and appear the only ones upon which this contest is based, and are that the contestant denies payment of his share of decedent's estate, and denies that he is or was indebted to the decedent's estate, or to the decedent, in any manner whatever. The question of personal transactions between Nelson C. Robinson, contestant, and William J. Robinson, administrator, are not, in my opinion, necessary or vital questions tending to settle in one way or another the issues before the court; but it appears from the proof submitted on behalf of the administrator, which is undisputed, that the contestant was indebted to the decedent upon several notes bearing separate and distinct dates, amounting in all to at least $2,000, and, as the contestant's share of decedent's estate was less than $1,000, it would appear that the administrator in the course of the settlement of the estate would be entitled to offset, against any share that the contestant might have, debts and obligations due from the contestant to the decedent, contracted during the decedent's lifetime. The testimony on behalf of the contestant tending to show that the advances made by the decedent during her lifetime to the contestant were in the nature of a gift does not substantiate that view, and does not amount to an accord and satisfaction of this debt, or the validity of the same, sufficient to cancel it; the presumption would be that, while the decedent might have been willing to advance all that she had freely, yet she may have and probably expected to be paid, and a gift cannot be presumed where that character is not clearly given to the transaction. It is perhaps unfortunate that the contestant died before having had an opportunity to testify in his own behalf, but it will appear from the evidence before the court that the account of the administrator, as filed, has been substantiated, and that it should be allowed and settled as filed, particularly as all the other next of kin of the decedent have either voluntarily appeared herein and consented thereto, or waived citation and consented that the accounts be passed as filed, and, having done so, the question of the disbursement of the amount of contestant's share does not enter into or become a part of this accounting.

Decree to be entered accordingly, passing and settling the administrator's accounts, and directing payment of the costs and disbursements in the action.

Decreed accordingly.