I think, therefore, that the evidence concerning market values was sufficient to sustain the judgment. The verdict of the jury was evidently based upon a state of the market much below that sworn to by the witnesses, or given in the "Prices current."

We have examined the several exceptions to the judge's charge, and find no error therein justifying a reversal. The judgment and order should be affirmed, with costs. All concur.

---

(108 App. Div. 134.)

### In re KNIBBS' ESTATE.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

1. WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEDENTS.

Testimony of a claimant to the possession of a note executed by decedent is, when given for the purpose of raising an inference of delivery from deceased to claimant, there being no proof of any other method of delivery, evidence of a transaction between the claimant and the decedent within the meaning of Code Civ. Proc. § 829.

2. SAME.

On a judicial settlement of the accounts of an executor, testimony of the executor that a certain note was paid by him because he knew deceased's signature and all the circumstances attending the note, and had been told them by deceased in his lifetime, is within the prohibition of Code Civ. Proc. § 829.

3. SAME.

Testimony of a legatee under a will that deceased told his wife to use her own money to pay household expenses, and that she would be repaid for it, when given in support of the claim of the wife for reimbursement for the money advanced, is not evidence in behalf of the legatee, within the meaning of Code Civ. Proc. § 829.

4. SAME.

Testimony of deceased's wife that she paid certain bills for household expenses during deceased's last illness, although given in support of a claim of the wife for reimbursement for the money paid by her, is not testimony of a transaction or communication with a deceased person, within the meaning of Code Civ. Proc. § 829.

Appeal from Surrogate's Court, Rennselaer County.

Judicial settlement of the accounts of Luhr Eggers and others, as executors of the last will and testament of James Knibbs, deceased. From a decree of settlement, William H. Knibbs appeals. Reversed in part.

See 91 N. Y. Supp. 697.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Nash Rockwood, for appellant.
J. K. Long, for respondents.

PARKER, P. J. We are asked by the contestant to reverse the decree from which this appeal is taken because of several alleged errors in the decision of the surrogate, both of law and of fact. After a careful examination of the record before us, I am of the opinion that the objection taken in the first point of the appellant's brief is well taken. On a final judicial settlement of their accounts as executors under

the will of James Knibbs, deceased, these executors had credited themselves with $251, being the amount of principal and interest paid by them to one of their number, viz., Emma L. Knibbs, the widow of the deceased, upon a certain promissory note dated May 8, 1896, and executed by the testator to the order of Emma L. Knibbs, payable 12 months after date, and of which note the said widow claimed to be the owner at the time of the deceased's death. The appellant filed an objection to the allowance of such payment as a credit to the executors, upon the ground that it did not appear to be a valid claim against the deceased's estate. Upon the hearing the surrogate overruled the objection, and held that such note was shown to be a valid and outstanding note against the deceased in the hands of his widow, and held that the amount thereof was well paid to her and credited in the executor's account. On the hearing the said widow was sworn in her own behalf, and testified, under proper objection and exception, that such evidence violated the provisions of section 829 of the Code, that she had had possession of such note, which was then shown to her. She testified no further concerning it; but it is well settled that when such evidence is taken for the purpose of inferring a delivery from the deceased maker, and there is no proof of any other method of delivery, such testimony will be deemed evidence of a transaction had between the witness and the deceased, and inadmissible under such section. There was no evidence concerning the delivery of this note, as to how it left the possession of the deceased or came into the possession of the executors, save that one statement of the widow and the further testimony of her coexecutor Maxwell that the note was paid because he knew the signature of the deceased and all the circumstances attending it, and had been told them by the deceased in his lifetime. This evidence was taken under objection and exception, and so far as it discloses any fact at all it is manifestly objectionable under the said section 829. The witness was allowed to testify in his own behalf against the estate to a conversation had with the deceased during his lifetime. These rulings were errors, and the evidence thus adduced was not sufficient to sustain the widow's claim that she held the note as a valid claim against the estate; and in this respect the decree must be reversed.

Another of the items of credit allowed by the surrogate to such executors was the sum of $230.47 paid by them to the said widow for moneys loaned or advanced by her to her deceased husband during his last illness. This claim of credit on their part was objected to by the contestant, and upon this appeal he claims that it was not properly proven as a valid claim in her favor against the estate. Upon the hearing the executors proved by the witness Jennie W. Wood that upon one occasion during his last illness she was sent by the deceased to the bank to get for him $200 in money; that the cashier would not let her have it, and she returned to the deceased, and so reported to him; that the deceased then told Mrs. Knibbs to use her own money to pay household expenses with, and she would be repaid for it. This witness was a legatee under the deceased's will, and her evidence was objected to on the ground that it violated section 829 of the Code. The executors replied that her legacy had been paid in full, and that

she was therefore not a party to the proceeding, nor at all interested in the event of the accounting. But, further than that, it seems to me that such witness did not testify in her own behalf or interest, nor did her evidence have any bearing whatever upon her claim as a legatee. Hence her testimony was not in violation of the section referred to. With her evidence properly in the case, a request on the part of the deceased to his widow to advance her own money and make the necessary purchases for the household, and that she should be repaid for the same, was proven to the satisfaction of the surrogate. The next step required was to prove the fact that the money had been advanced by the widow for the purpose so directed, and the amount thereof. These facts the widow and executrix has sought to establish by her own testimony; that is, certain itemized bills were shown her, and she was allowed to testify that she paid them during the deceased's last illness, and that they were for household use. This was strenuously objected to as being inadmissible under section 829; but in my judgment it does not violate the provisions of that section. It calls for no transaction with the deceased. Alone, by itself, it would create no liability against him. Had the deceased survived, he could not have been a witness as to such facts, because he knew nothing about them. Knowledge as to those facts rested certainly with the witness and the other parties from whom she purchased, and therefore it does not seem to come within the reason or purpose of that section. I am of the opinion that no error was committed in the reception of evidence upon this question, that such evidence was sufficient to warrant the conclusion which the surrogate reached, and that the decree as to this claim must be allowed to stand.

The appellant further contends that the surrogate erred in holding that all the property left by the deceased had been properly inventoried, and also that the amounts allowed to the executors as payments made by them to the attorney, Long, for legal services rendered to them, were too large and not warranted by the evidence. Neither of these objections should be sustained. There is no evidence to show that the Stowe mortgage, which appellant claims was omitted from the inventory, belonged to the estate at the time of the testator's death; and there is evidence enough of what Mr. Long did, and of what such services were worth, to sustain the surrogate's finding upon that question.

My conclusion is that the decree, so far as it sustains the credit of $251 allowed to the executors as payment upon the note above mentioned, should be reversed, and a new trial had upon that question before the surrogate, and that in all other respects the said decree be affirmed, without costs or disbursements to either party upon this appeal. All concur; SMITH and CHASE, JJ., in result.