FERNÁNDEZ ET AL. *v.* FOIX ET AL.

APPEAL from the District Court of Mayagüez.

No. 486.—Decided April 19, 1910.

ORDER NOT APPEALABLE—ORDER REFUSING TO ANNUL APPOINTMENT OF RECEIVERS.—An order refusing to annul the appointment of a receiver is not appealable, because it is not included among those expressly enumerated in section 295 of the Code of Civil Procedure as appealable orders.

ID.—INTENTION OF LEGISLATURE.—If the Legislature of Porto Rico had intended to allow appeals in cases of the appointment of receivers it would have clearly so stated, as it did in respect to orders made upon application for injunctions, attachments, and change of venue.

ID.—INTERLOCUTORY ORDER—ORDER REFUSING TO ANNUL APPOINTMENT OF RECEIVER.—An order appointing a receiver or refusing to annul the appointment thereof cannot be regarded as an interlocutory order, because it is not a final determination of the rights of the parties, nor does it prepare a final decision of the case.

ID.—INTERLOCUTORY ORDERS—FINAL JUDGMENT.—Interlocutory orders and decrees are different from final orders and judgments in that the former are not final decisions of the case but leave some further question to be determined in the future.

The facts are stated in the opinion.

*Mr. José G. Torres* intervenor and appellant.

*Messrs. Francis H. Dexter and José Hernández Usera* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from an order of the District Court of

Mayagüez, denying the annulment of the appointment of a receiver made in this action which involves the division of property held in common. The hearing on the appeal was had on April 13, 1910.

The respondents alleged that the appeal taken is not authorized by the law.

This question has heretofore been decided by this Supreme Court in cases Nos. 15 and 16 of the *Estate of Borrás* v. *Salvá et al.*, [8 P. R. Rep., 194-195], both decided on March 21, 1905.

The former was an appeal taken from an order of the District Court of Humacao, refusing to revoke the appointment of a receiver made in the testamentary proceedings of Gerónima Ginart, and the latter was an appeal taken from another order of the same court granting certain powers to the receiver appointed in said matter.

In both cases the Supreme Court dismissed the appeals taken on the ground that section 295 of the Code of Civil Procedure, in which the decisions of district courts which may be appealed from to this Supreme Court are specifically enumerated, did not include the orders appealed from.

Furthermore, in the case of *Moreno* v. *Martínez*, 3 Castro, 264, in which an appeal was involved from an order limiting the powers of a receiver, this Supreme Court expressed itself as follows:

"We understand that an appeal does not lie from this order, as it is not included among those enumerated in section 295 of the Code of Civil Procedure as appealable, as a mere perusal of said provision of law will show. The Mayagüez court has not decided any question of ownership in ordering that the buildings and constructions mentioned be excluded from the possession held by the receiver, Juan De Dios Torres; but on the contrary it expressly refuses to decide any question whatsoever of ownership or preferred possession, reserving to the contending parties the rights and actions which they may believe themselves entitled to in order to assert them in the manner and form prescribed by the civil law. The Mayagüez court could have absolutely denied the appointment of a receiver with relation to all the property to which María Moreno referred, and from such a

denial an appeal could not have been taken. With greater reason such appeal does not lie from the decision of said court excluding certain property from the receivership and limiting the powers of the receiver appointed.''

If the Legislature of Porto Rico had intended to permit an appeal to be taken in cases relating to the appointment of receivers, it would have clearly so stated, as it did with reference to orders on injunctions, on attachments and on applications for change of venue.

But the appellant has alleged that as this action involves the partition of real property, an appeal lies in view of the fact that the order of the District Court of Mayagüez, refusing to set aside the appointment of a receiver, partakes of the character of an interlocutory judgment, and the law expressly grants an appeal from interlocutory judgments rendered in actions of this character.

''An interlocutory judgment is one given in the progress of the cause upon some clear proceeding or default, which is only intermediate and does not finally determine or complete the suit.'' (3 Bla. Com., 396; 2 Bouvier, 25.)

''Interlocutory judgments and decrees are distinguished from final judgments and decrees in that the former do not decide the case but reserve some ulterior question or instruction to decide it in the future. (17 Am. and Br. Cy., 763.)

''The words 'interlocutory decree' are generally applied to decrees in which some question of law or of fact is decided as preliminary to a final decision.'' (*Brush Electric Co.* v. *Electric Imp. Co.*, [U. S.] 51 Fed., 557, 560; *Beebe* v. *Russell*, 60 U. S., 283; *Davie* v. *Davie*, 12 S. W., 558; 52 Ark., 224; 20 Am. St. Rep., 170. Cited in 4 Words and Phrases Judically Defined, 3713.)

Upon examining the foregoing doctrine it is an easy matter to arive at the conclusion that an order appointing a receiver or refusing to vacate the appointment of a receiver, cannot partake of the character of an interlocutory judgment, because it does not decide anything on the final right of the parties, nor does it prepare the final decision of the action.

"The merits are not inquired into upon the motion to appoint a receiver." (*Sheldon* v. *Weeks*, 2 Barb., 532; *Conzo* v. *Gray*, 4 How. P. R., 166; *Higgins* v. *Bailey*, 7 Rob., 613, cited by Pomeroy, p. 321 of the annotated Code of Civil Procedure.)

"The appointment of a receiver works no injury to the least right of anyone. It would be strange if it did. The receiver is the hand of the law, and the law conserves and enforces rights—never destroys them. His appointment determines no right, and in no way affects the title of any party to the property in litigation." (*Von Roun* v. *Superior Court*, 58 Cal., 358.)

Therefore, the appeal taken in this case not being authorized by the law, it should be dismissed on this ground.

*Dismissed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.