(173 App. Div. 563)

### In re KENT et al.

(Supreme Court, Appellate Division, First Department. June 16, 1916.)

1. TRUSTS ☞282—PARTIAL DISTRIBUTION OF ESTATE—STATUTES.

The pendency of a proceeding for the judicial settlement of the account of testamentary trustees, under Code Civ. Proc. § 2735, is not a bar to the maintenance of a proceeding for a partial distribution of the estate, under sections 2689–2691, independently of a settlement of the trustees' account.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 402; Dec. Dig. ☞282.]

2. TRUSTS ☞282—DISTRIBUTION IN CASH.

Where testator's will provided that the trustees might divide the securities in which a trust fund might be invested, decree in a proceeding for a partial distribution, under Code Civ. Proc. §§ 2689–2691, independently of settlement of the account of the trustees, which directed payment to be made in cash to a distributee, was erroneous.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 402; Dec. Dig. ☞282.]

3. TRUSTS ☞282—DELIVERY OF SPECIFIC PROPERTY—STATUTE.

Where a will authorizes the delivery of specific property to distributees, Code Civ. Proc. § 2736, providing that the decree upon an accounting of testamentary trustees may direct the delivery of an unsold chattel in lieu of the money value, etc., has no application.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 402; Dec. Dig. ☞282.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

4. TRUSTS ⬦⟹282—DISTRIBUTION OF SECURITIES—ESTOPPEL.

Where petitioner for a partial distribution of a trust estate under Code Civ. Proc. §§ 2689–2691, independently of settlement of the trustees' account, accepts the specific securities held in trust for distribution, and releases the trustees, she will be estopped from thereafter urging an objection to the investment.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 402; Dec. Dig. ⬦⟹282.]

·5. TRUSTS ⬦⟹282—DISTRIBUTION OF ESTATE—POWER OF SURROGATE.

In proceedings for partial distribution of a trust estate, under Code Civ. Proc. §§ 2689–2691, independently of settlement of the trustees' account, the surrogate has power to make such a decree, with regard to the rights of all concerned, as justice requires, and his determination should not be disturbed, unless manifestly unfair to some of the parties.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 402; Dec. Dig. ⬦⟹282.]

Appeals from Surrogate's Court, New York County.

Petition by Beatrice R. Moore for a decree directing delivery to her ·of one-fourth share of the personal estate of Thomas Rutter, deceased. From a decree directing a partial distribution to petitioner, the trustees of the estate appeal, and petitioner appeals from so much of the ·decree as limits such distribution to $25,000 in cash. Decree modified, .and, as modified, affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Julien T. Davies, of New York City (Charles H. Tuttle, of New York City, on the brief), for petitioner.

Lewis L. Delafield, of New York City, for trustees.

PAGE, J. These are cross-appeals from a decree of the Surrogate's Court directing a distribution of $25,000 to Beatrice R. Moore ·on account of her one-fourth share in the principal of the estate of Thomas Rutter, deceased. The will of Thomas Rutter directed the residue of his estate to be held by the executors in trust for the benefit ·of his widow, and upon her death to be divided into as many shares :as there should be children of him then living and children of him then dead, but represented by lawful issue then living, and to transfer .and pay over the share intended for the lawful issue then living of each of his children then dead unto such issue, and to retain the remaining shares; the share intended for each living child to be held as a separate and distinct trust as therein provided.

The widow of the testator died on January 23, 1914. Three children of the testator then survived: J. Edgar T. Rutter, Cora R. Kent. and Maud T. Garr, and a grandchild, Beatrice R. Moore, the petitioner, .a daughter of John R. Rutter, a son of the testator, who survived him, but died before the testator's widow. On August 31, 1914, Beatrice R. Moore and Maud R. Garr filed a petition in the Surrogate's Court, praying for a compulsory judicial settlement of the accounts of the trustees under the will. Upon the return day of the citation an adjournment was had, and pending such adjournment the trustees filed their verified account and a petition for the voluntary judicial settle-

ment thereof. Except for a small balance of income, the account showed that the entire principal of the estate consisted of certain stocks, corporate bonds, bonds and mortgages, and cash to the extent of $2,964.41. The account also showed that after the death of the testator's widow the trustees had divided the larger part of the principal into four equal shares—the first to be held by them in trust for J. Edgar T. Rutter; the second to be so held for Cora R. Kent; the third to be held in like manner for Maud R. Garr; the fourth to be assigned to Beatrice R. Moore.

The portion to be assigned to Beatrice R. Moore consisted of stock in various corporations, of an aggregate valuation of $102,810, of which 400 shares of Consolidated Gas Company of New York stock at a valuation of $53,200 had been transferred to her, on April 7, 1914, leaving a balance in the hands of the trustees of $49,610. Beatrice R. Moore and J. Edgar T. Rutter filed objections to the account, which have not been disposed of, as the proceeding was allowed to go off the calendar on February 20, 1915, by stipulation of the parties to be brought on by any party on four days' notice. These objections, among other things, challenged the propriety of some of the investments made by the trustees in corporate stocks.

On July 15, 1915, Beatrice R. Moore served a notice of motion for an order to examine the trustees in the accounting proceeding, stating in her petition that she believed:

"That by such examination she would discover errors and omissions in the said account to her disadvantage, and will be able to frame further objections, and to save great expense and delay."

An order was granted upon such a petition directing the trustees to appear on September 21, 1915, for examination. On or about July 21, 1915, Beatrice R. Moore filed her petition in the present proceeding—

"for a decree directing delivery to her of her one-fourth share of the personal estate, or so much thereof as can justly and properly be delivered to her at this time, excepting. however, the investments to which your petitioner has objected, and without prejudice to your petitioner's objections to the said accounts of the trustees, and granting to your petitioner such further and other relief as may be just."

This petition was erroneously entitled "In the Matter of the Judicial Settlement of the Account" of the trustees. In fact it was an independent proceeding under section 2689 of the Code of Civil Procedure, and a citation was issued thereon, directed to all persons interested in the estate by name, and returnable September 21, 1915. The trustees filed an answer setting forth a full statement of the facts and of the several proceedings theretofore had in relation to this estate, and a plea in bar to the maintenance of this proceeding because of the pendency of the proceedings for the judicial settlement of their accounts. A decree was entered on the 9th day of November, 1915, in this matter, which adjudged that the trustees—

"(within 30 days after a copy of this decree shall have been served upon their attorneys) shall pay and deliver to the petitioner herein, Beatrice R. Moore, the sum of twenty-five thousand dollars ($25,000) in cash on account of her

share of the principal of the estate of the said Thomas Rutter, deceased, as constituted by paragraph 'sixthly' of his said last will and testament."

From this decree cross-appeals have been taken by the trustees and by Beatrice R. Moore.

The trustees on this appeal urge: First. That the pendency of the proceedings for a judicial settlement of their account constitutes a bar to the maintenance of this proceeding to compel the present payment to Beatrice R. Moore of her distributive interest in the estate. Second. If the first shall be held to the contrary, then the decree was erroneous: (a) Because it directed the payment of $25,000 in cash. (b) A trustee who has instituted a proceeding for the judicial settlement of his account cannot be deprived of any part of the trust fund until such account is settled and an adjudication reached as to the rights of the parties.

[1] As the compulsory and voluntary proceedings have now been consolidated, as they properly should have been, on the return of the citation in the voluntary proceeding, in the consideration of the questions raised where it is necessary to refer to sections of the Code of Civil Procedure the citations will be to the sections as amended in 1914. The decree upon the judicial settlement of the account "must direct the payment and distribution thereof to the persons so entitled according to their respective rights." Section 2735, Code of Civil Procedure. Therefore it is true that a full relief could be obtained by the petitioner herein, at the termination of the accounting proceedings. The Code of Civil Procedure provides, however, for proceedings to secure the payment of legacies, and distributive shares of the estate, which are not dependent upon a settlement of the executor's or trustee's account. Sections 2689, 2690, 2691. The reason for the existence of these independent proceedings is evident. The corpus of the estate belongs to those to whom the testator has willed it should go. It is not the property of the executor or trustee, and should only be held by them as long as necessary to administer the estate or discharge the trust. Therefore the law favors an early distribution, and where, from any cause, the final distribution is delayed, and a partial distribution can be made without prejudice to the rights of creditors or of the executor or trustee, provision is made for such distribution; and section 2690 provides that, after hearing the allegation and proofs of the parties, the surrogate "must make such a decree in the premises as justice requires." To hold that the pendency of the proceeding for the judicial settlement of the account was a bar to the maintenance of a proceeding for a partial distribution would defeat the plain purpose of the Code sections authorizing such proceeding. The objections to the account might involve a small part of the estate. The delays incident to their determination by a referee, the surrogate, and appellate courts might extend over years, and therefore those to whom the property belonged would be deprived unnecessarily of its use and enjoyment.

[2-4] The criticism that the decree was erroneous, because it directed payment to be made in cash, is well founded. The will expressly provided that the trustees might divide the securities in which

the trust fund may be invested. The division has been made, and certain securities have been segregated and set apart for transfer to Mrs. Moore. Upon the final distribution these securities would be delivered, and thus the requirements of the trust would be satisfied. Section 2736 of Code of Civil Procedure has no application where the will authorizes the delivery of specific property. In the instant case the petitioner has not only filed objections to the investment of the trust fund in many of the securities, and has the right to file other objections. If the trustees are compelled to sell these securities, and the objection to the original investment should be sustained, the trustees would be deprived of the right to make good the amount invested and take over the securities. If, however, the petitioner accepts the specific stock and releases the trustees, she will be estopped from thereafter urging an objection to that investment. These considerations do not necessitate a reversal of the decree. The error can be corrected by a suitable modification.

The last error assigned by the trustees, that they cannot be deprived of any part of the trust fund pending a proceeding for the judicial settlement of their accounts until the account is settled and an adjudication reached as to the rights of the parties, has been sufficiently answered by the consideration of their first assignment of error. As an authority for their position they cite Matter of Hunt, 110 App. Div. 533, 97 N. Y. Supp. 403. In that case the partial distribution was ordered in the accounting proceedings pending the hearing of the objections. The court said:

"The procedure to compel the delivery of property by a testamentary trustee to a person entitled thereto by the terms of a will, is regulated by sections 2801–2806 [now sections 2689–2690] of the Code. The statute does not make any provision whatever for the partial distribution of the assets of an estate by a testamentary trustee upon the judicial settlement of his accounts. * * * The assets of the trust should remain in the custody of the trustee until the final decree. * * *" 110 App. Div. 536, 97 N. Y. Supp. 405.

That case does not hold that such a partial distribution cannot be made in the manner provided by the Code, even pending the accounting proceedings, but is in harmony with Matter of McQuade, 157 App. Div. 344, 142 N. Y. Supp. 493, that the partial distribution cannot be had in the accounting proceeding, but must be secured in the independent proceeding provided by the Code, which the instant proceeding is.

[5] The objections to the decree presented by the appeal of Beatrice R. Moore merit very brief consideration. She desires all of her distributive share, or a larger part thereof than the surrogate has given her. The surrogate has power to make such a decree, with regard to the rights of all concerned, as justice requires. His determination in this regard should not be disturbed, unless it is manifestly unfair to some of the parties. In our opinion his discretion has been wisely exercised.

The decree will be modified, by providing that securities to the value of $25,000, as set forth and at the valuation fixed in schedule XII of the trustees' account, be transferred and delivered to Beatrice R.

Moore upon her giving a receipt therefor on account of her distributive share and releasing the trustees from all objections to the investment in said securities, and, as modified, affirmed, with costs of the appeal of Beatrice R. Moore to the trustees, and otherwise without costs. Order to be settled on notice. All concur.