In the Matter of the Judicial Settlement of the Account of Proceedings of CENTRAL UNION TRUST COMPANY OF NEW YORK, as Executor, etc., of ADELE E. FLINT, Deceased.

Surrogate's Court, Westchester County, January, 1923.

**Executors and administrators — accounting — contingent indebtedness due estate from legatees — when executor should retain from distributive shares of legatees amounts due them, as equitable offsets against their indebtedness to the estate, contingent or otherwise.**

Upon accountings of an executor the surrogate not only has jurisdiction under section 40 of the Surrogate's Court Act to ascertain the title to any legacy or distributive share, to enforce payment of legacies, but he has the right also to exercise all other powers, legal or equitable, necessary to the complete determination of the matter before him.

The right of an executor to retain the whole or any part of the legacy or distributive share in satisfaction of a debt due from a distributee is not only consistent with the soundest principles of equity but is well settled by adjudication.

Upon an intermediate accounting of an executor it appeared that among the assets of the estate was a promissory note for $10,000 due February 24, 1925, indorsed by one of the residuary legatees. There was also among the assets an indebtedness secured by an agreement with another of the residuary legatees and a third person, providing for the payment of $21,000, falling due at the rate of $2,000 a year. *Held*, that in accordance with the prayer of the executor the court, in the exercise of discretion, having regard for the respective rights of all distributees, will adjudge and decree that the executor retain from the distributive share of each of said residuary legatees the amount due them upon the present accounting, as an equitable offset against debts, contingent or otherwise, due by them or either of them to the estate.

PROCEEDING to settle executor's accounts.

*King, Lane & Trafford,* for petitioner.

*Clarence DeWitt Rogers,* for legatees Thompson J. S. Flint and Frederic W. Flint.

SLATER, S. The executor holds among the assets of the estate of decedent a note for $10,000 due February 24, 1925, which is indorsed by Frederic W. Flint, one of the residuary legatees; said executor also holds among the assets of the estate an indebtedness secured by an agreement with Thompson J. S. Flint and another, providing for payment of $21,000 (falling due at the rate of $2,000 a year), the said Thompson J. S. Flint being a residuary legatee under said will. The petitioner asks the court to adjudge whether said executor should withhold from the distributive share of said Frederic W. and Thompson J. S. Flint sums sufficient to secure and liquidate their said several indebtednesses to said estate.

Section 40 of the Surrogate's Court Act (former section 2510

of the Code of Civil Procedure, as amended by chapter 439 of the Laws of 1921), subdivisions 3 and 4 thereof, embodies chapter 576 of the Laws of 1910, giving the Surrogate's Court jurisdiction upon judicial accountings to ascertain the title to any legacy, or distributive share; to enforce the payment of legacies; the distribution of the estates of decedents. Section 40 also gives to the surrogate the right to exercise all other powers, legal or equitable, necessary to the complete disposition of the matter. *Matter of Spaulding*, 112 Misc. Rep. 317, 320, and cases cited; *Matter of Hawes*, 119 id. 359.

Where an account is judicially settled and any fund is ready to be distributed the decree must direct the payment to distributees according to *their respective rights*. Surrogate's Court Act, § 267. In this proceeding all the parties are before the court and subject to its jurisdiction, which is complete. *Matter of Kent*, 173 App. Div. 563, 568; Jessup-Redfield, 1194, 1196. The court is asked by these two legatees to direct the payment of their distributive shares upon this intermediate account, and disregard their payment of the indebtedness, or the contingent claim of the estate, on the theory of the law that governs a setoff between parties to an action, or setoff against the estate of an insolvent, which appear to be that a debt from an insolvent estate not *yet by the terms of the contract due* will not be set off as against a debt then immediately due to the estate. *DeCamp* v. *Thomson*, 159 N. Y. 444. This principle of law the court cannot accept as applicable to the instant case, or to cases of like character in this court. There is a distinct difference between a setoff between living parties and between the representative of a decedent's estate, and a distributee thereunder, and different principles govern. The legatees have paid no value for the right. It would not exist without a statute. That the legatee or heir should fulfill his obligations to the estate before receiving the bounty is clear, just and equitable, and the court should enforce it. The principle that the distributee is not entitled to his distributive share while he retains in his own hand a fund out of which that and other legacies or shares ought to be paid governs the instant case. The cases cited by the legatee in my judgment are not in point.

The question presented here involves the principle of the right of retainer by an executor. The right of retainer and lien is equitable in its nature, is independent of statute and is distinct from the technical right of setoff in actions at law. 3 Alexander Wills, § 1496; 1 Roper Leg. 829.

In *Matter of Warner*, 39 Misc. Rep. 432, 437, it appeared that the legatee was a debtor to the estate upon two bonds and mort-

gages, and it was held that the amount payable to him on his legacies should be credited upon said bonds. *Matter of Bogert,* 41 Misc. Rep. 598; *Matter of Knibbs,* 45 id. 83; affd., 108 App. Div. 134; *Matter of Robinson,* 45 Misc. Rep. 551; *Matter of Foster,* 38 id. 347; *Matter of Foster,* 15 id. 175.

*Armour* v. *Kendall,* 15 R. I. 193, was a case of joint indebtedness.

The court will adjudge, in the exercise of its discretion and having regard for the respective rights of all distributees, that the executors should retain from the distributive share of Frederic W. Flint and Thompson J. S. Flint the amount due them upon this intermediate accounting as an equitable offset against the debts, contingent or otherwise, due by them, or either of them, to said estate. *Matter of Kent, supra.*

The right of an executor to retain the whole, or part of a legacy, or distributive share in satisfaction of a debt due from a distributee is not only consistent with soundest principles of equity, but is perfectly well settled by adjudications of the courts. *Webb* v. *Fuller,* 85 Me. 443; *Holmes* v. *McPheeters,* 149 Ind. 587; *Lietman's Exr.* v. *Lietman,* 149 Mo. 112, 119, 120; *Rogers* v. *Murdock,* 45 Hun, 30; *Smith* v. *Kearney,* 2 Barb. 532.

The question of the interposition of the Statute of Limitations presents another and a different question. *Kimball* v. *Scribner,* 174 App. Div. 845; *Matter of Flint,* 118 Misc. Rep. 354. Another question is presented where there is no direct gift of principal. *Matter of Knibbs, supra.* Another relates to the question of an advancement. *Leask* v. *McCarty,* 147 App. Div. 796; affd., 208 N. Y. 635.

The decree will provide for the retention of the distributive shares of these two legatees by the executor until said claims have been paid or agreed to be deducted from the legatees' share.

Decreed accordingly.