In the Matter of the Estate of CLINTON R. JAMES, Deceased.

Surrogate's Court, Kings County, October 10, 1933.

*Francis L. Archer*, for the executors.

*Barker, Perrigo & Bonynge*, for Alverda V. James, Harold R. James, James F. James, Jr., and Frank McLedwith.

*Reeves, Todd, Ely, Price & Beaty*, for Evelyn M. James, individually.

WINGATE, S.  The questions here presented for determination are raised by cross-applications, the *first*, on behalf of the executors seeking a determination that they are authorized to set off against the sums payable to certain distributees, the amounts of the indebtednesses due the estate from them, and the *second*, by the latter to compel the executors to make such payments without setoff.

The affairs of this estate were before the court in June, at which time certain portions of the will were construed (*Matter of James*, 148 Misc. 124).  In that proceeding the court determined (148 Misc. 124, 128) that the effect of the questioned portions of the testamentary document was to give legacies of $17,377.10 to the partnership firm of which decedent was a member and $1,909.47 to Frank M. Ledwith, one of his surviving partners.  It is the payment of these sums which the second mentioned application seeks to compel.  The position of the executors, on the other hand, is that the partnership firm, at the time of decedent's death, was

indebted to him in the sum of $12,366.97 and that upon a complete liquidation of the partnership affairs, Ledwith, one of the surviving partners, will be indebted to the estate, through the medium of the firm, in a sum exceeding the amount of his legacy as hereinbefore set forth and that consequently the estate should not be compelled to pay money over to these distributees in the absence of an assurance of the making of the return payments.

The legatees base their contention in part on the third direction of the decree entered in the construction proceeding. This, however, must be construed both with reference to the subject-matter then before the court and to the existing rules of law respecting payment of legacies, its only effect being to declare the testamentary intent in respect to the persons entitled to the several distributive shares in question.

The right of an executor to set off a debt due from a legatee in determining the net sum payable to the latter by way of distribution, has been settled since extremely early days. In *Smith* v. *Kearney* (2 Barb. Ch. 533), Chancellor WALWORTH in an elaborate opinion, says (at p. 547): " Again; the right of the executor or administrator to retain the whole, or a part, of a legacy or distributive share, in discharge or satisfaction of a debt due from the legatee or distributee to the estate, is not only consistent with the soundest principles of equity, but is perfectly well settled."

Again (at p. 548): " That this is not a mere question of legal offset, but of equitable lien and right of retainer, was settled by Sir James Wigram in the recent case of *Courtenay* v. *Williams* (3 Hare's Ch. Rep. 539)."

Again (at p. 549): " In the cases which I have been considering, except in a few which were mere questions of legal or equitable set-off, the right to retain depended upon the principle that the legatee or distributee was not entitled to his legacy, or distributive share, while he retained in his own hands a part of the fund out of which that and other legacies, or distributive shares, ought to be paid, or which were necessary to extinguish other claims on that fund. In other words, the legatee or distributee, in such cases, seeks to obtain a portion of the fund which the testator, or the letters of administration, have placed in the hands of the executor or administrator to pay debts and legacies, or distributive shares; while such legatee or distributee is himself a debtor to the estate, and by withholding payment, diminishes the fund to that extent. And it is against conscience that he should receive any thing out of the fund without deducting therefrom the amount of that fund which is already in his hands, as a debtor to the estate."

In bringing the application of the doctrine up to modern times, Surrogate SLATER points out in *Matter of Flint* (120 Misc. 230, 232; affd., 206 App. Div. 788) that " The right of an executor to retain the whole, or part of a legacy, or distributive share in satisfaction of a debt due from a distributee is not only consistent with soundest principles of equity, but is perfectly well settled by adjudications of the courts. (*Webb* v. *Fuller*, 85 Me. 443; *Holmes* v. *McPheeters*, 149 Ind. 587; *Lietman's Exr.* v. *Lietman*, 149 Mo. 112, 119, 120; *Rogers* v. *Murdock*, 45 Hun, 30; *Smith* v. *Kearney*, 2 Barb. 532.)"

Other discussions and applications of the principle will be found in *Clapp* v. *Meserole* (1 Abb. Ct. App. Dec. 362, 365); *Ferris* v. *Burrows* (34 Hun, 104, 107; affd., 99 N. Y. 616); *Stagg* v. *Beekman* (2 Edw. Ch. 89, 92); *Matter of Robinson* (45 Misc. 551, 553); *Matter of Stacey* (89 id. 88, 91); *Matter of Flint* (118 id. 354, 355); *Matter of Bradley* (122 id. 184, 185); *Warren* v. *Warren* (143 id. 43, 46).

In *Ferris* v. *Burrows* (34 Hun, 104; affd., 99 N. Y. 616) the question adjudicated was substantially identical with that at bar, and concerned the right of recovery of the assignee of a legacy where the assignor was a surviving partner of a firm of which decedent had been a member, which firm was indebted to the testatrix. The court, after a careful review of the authorities, determined that the debt of the firm should be set off against the legacy to the surviving partner, even though this had been assigned.

These principles are decisive of the applications at bar. It would be inequitable in the extreme to compel the estate to pay over these sums in full to the firm and the surviving partner when it is entirely obvious that the major portion of the former payment and the whole of the latter, must come back to the estate, since the executors would thereby potentially be saddled with wholly unnecessary and vexatious litigation in addition to the possibility of loss if a judgment against the surviving partner proved to be worth less than its face value.

In spite of its undoubted power for this purpose, the Surrogate's Court is usually properly loath to assume jurisdiction to direct the winding up and settlement of accounts of a dissolved partnership. The present, however, is a case where a failure so to do would amount to a shirking of its responsibilities. In this connection, the language of Chief Judge CARDOZO, writing for the unanimous court in *Matter of Raymond* v. *Estate of Davis* (248 N. Y. 67, at pp. 71, 72), possesses peculiar pertinence. He there says: " There remains a question of jurisdiction and procedure. Liquidation may be ordered by a decree of the surrogate as an incident

to the allowance or rejection of a claim to share as creditor in the assets of the estate. Only by such relief can there be complete justice between the parties without oppressive expense or harrowing delay. * * *

" ' The State has empowered surrogates in unmistakable language, and it is not the function of the courts to discover or to fashion reasons for thwarting the manifest policy ' (per THOMAS, J., in *Matter of Coombs*, 185 App. Div. 312, 314). To remit the claimant to another forum after all these advances and retreats, these reconnaissances and skirmishes, would be a postponement of justice equivalent to a denial. If anything is due him, he should get it in the forum whose aid he has invoked." (See, also, *Matter of Winter*, 231 App. Div. 519, 522.)

The court, accordingly, will entertain jurisdiction to direct the liquidation of the affairs of the partnership and the settlement of the partnership accounts between the estate and the surviving partners. Unless the parties can agree thereon, the court will, therefore, send the entire matter to a referee to take and state the account, to pass upon incidental questions and report his findings including the ultimate net distributable sums payable by the estate to the partnership firm and to the surviving partners as individuals.

Proceed accordingly.