In the Matter of the Estate of PEARL DEFOREST MORRIS, Deceased.*

Surrogate's Court, Montgomery County, May 2, 1934.

*Compton, Dillon & Clark* [*Herbert C. Pentz* of counsel], for the petitioner.

*William C. Maynard* [*Emil Peters* of counsel], for the trustees.

*Carl S. Salmon*, special guardian.

AULISI, S. This is a proceeding on the application of Dorothy Morris Culbertson to compel the trustees to make partial distribution of her distributive share in this estate.

According to the terms of the last will and testament of Pearl DeForest Morris, her daughter, Dorothy DeForest Morris, now

* See, also, 149 Misc. 483.

named Dorothy Morris Culbertson, became entitled to a bequest of $30,000 and one-half of the residue upon her reaching the age of twenty-one years. Until that time these legacies had been placed in trust for the benefit of the petitioner. A like provision was made by testatrix for her son, Francis Morris, who is now twenty years of age. Mrs. Culbertson became twenty-one years of age on June 19, 1932.

On April 12, 1933, the trustees filed their account in this court and thereafter objections were interposed to said account by the said Dorothy Morris Culbertson. Proceedings with respect to a previous accounting proceeding have been taken and this has necessarily delayed a final determination in the present accounting proceedings. It is quite apparent to me that it will be sometime before distribution can be had in the accounting proceedings now pending.

The trustees object to this proceeding upon the ground that objections to their account are now pending, that it would work an injustice to and jeopardize the rights of the infant Francis Morris, that no distribution can be had without a determination or what assets constitute the estate and that full relief can be had in one suit.

I cannot agree with the trustees' contention.

This proceeding is brought pursuant to section 219 of the Surrogate's Court Act. The petitioner asks for partial distribution of certain assets and has withdrawn her objections to said assets. A careful consideration of the proof submitted fails to disclose how the infant can be injured by the partial distribution. The trustees account of the assets of the estate on hand is filed in this court and I do not believe that an intermediate accounting in the proceeding at bar is necessary. It is true that full relief can be obtained by the petitioner at the termination of the accounting proceedings but she is not obligated to wait until that time unless partial distribution now would be manifestly unfair to some of the parties.

The purpose of sections 219 and 220 of the Surrogate's Court Act is to avoid delay and the possible hardship which might result from such delay. The surrogate has power to make a decree directing partial distribution. (*Matter of Kent,* 173 App. Div. 563.)

The corpus of the estate belongs to those to whom the testatrix has willed it should go. It is not the property of the trustees, and should only be held by them as long as necessary to discharge the trust. The law favors an early distribution, and where, from any cause, the final distribution is delayed, and a partial distribution can be made without prejudice to the rights of creditors or of the trustees, provision is made for such distribution. To hold that

the pendency of the proceeding for the judicial settlement of the account is a bar to the maintenance of the proceeding for partial distribution would defeat the purpose of sections 219 and 220 of the Surrogate's Court Act.

I, therefore, hold and decide that the petitioner is entitled to the distributive share of the assets set forth in paragraphs " eighth " and " ninth " of her petition and her distributive share of the accrued income to May 1, 1934, and that thereafter her said share of income must be paid on the first day of each month as same is earned until the said trustees are discharged by this court.

Decree on notice accordingly.