In the Matter of the Estate of SARAH G. OFFERMANN, Deceased.

Surrogate's Court, Erie County, October 19, 1936.

*John J. Brown*, for Lena Schunk and Anna Morbusch, as administratrices with the will annexed.

*Reisman, Schanzer & Kister* [*Benjamin D. Reisman* of counsel], for Isabel M. Offermann, general guardian of the children of Frank J. Offermann, deceased.

HART, S. Sarah G. Offermann executed a will on June 8, 1927, which was duly probated, and by the terms of which a specific

bequest was made to one daughter, and the remainder of her estate devised to her three children, Frank J. Offermann, Lena Schunk and Anna Morbusch, share and share alike.

It was set forth in the will that as she had advanced to her daughters, Anna Morbusch and Lena Schunk, specified sums of money, these should be deducted from their respective shares. Thereafter and on or about the 1st day of October, 1931, each one of the children executed an advancement receipt. Both daughters acknowledged the payment to them of the sum of $5,000 each, and Frank J. Offermann admitted that he had received $3,000. On November 20, 1931, $1,000 additional was advanced to him, and on April 1, 1932, another sum of $1,000. Each, therefore, received the sum of $5,000 from their mother prior to her death.

On September 10, 1935, Sarah G. Offermann died, leaving as her heirs two daughters and four grandchildren, the children of Frank J. Offermann, who had predeceased his mother by a short time. On October 28, 1935, letters of administration with the will annexed were issued to Lena Schunk and Anna Morbusch.

After the expiration of the seven months' period, the administratrices filed their petition for a judicial settlement of their accounts. As each one of the children had received advancements of equal amount no mention of this fact was made in the account. The facts are conceded by all parties. Counsel for the general guardian contends that the entire residuary share devised and bequeathed to Frank J. Offermann goes to his children, Jeanne Offermann, Frank Offermann, Jr., Paul Offermann and Karl Offermann, free from any charge as to the moneys advanced to their father, and seeks to charge the accounts of the administratrices with the sum of $5,000.

It is maintained by the estate that the deceased son's share should be charged with the amount advanced, and that, therefore, the accounts of the administratrices should remain as filed in this judicial settlement proceeding.

Whatever the share of Frank J. Offermann, deceased, in the estate of his mother, distribution of that share to the children is effective by virtue of section 29 of the Decedent Estate Law. This provides that the legacy as devised shall not lapse, that is to say, that it does not become non-existent — it passes " as if such legatee or devisee had survived and had died intestate." Therefore, the children get this bequest by virtue of the will, and the method of distribution is controlled by sections 29 and 83 of the Decedent Estate Law.

Were it not for this section 29 the children could not receive anything. This being true, the share of Frank J. Offermann is

by statute preserved for the benefit of his children. The $5,000 advanced to Frank J. Offermann was advanced against his share and consequently charged against it by agreement between him and the testatrix. Though he passed away prior to the testatrix, but subsequent to the unchanged will of June 8, 1927, the agreement was effective as a charge against his share, whether the sum involved was a debt or an advancement.

There was no modification or revocation of the agreement involving the advancements, and the court would overstep its bounds by seeking to decree something not intended by the testatrix. It would be making a preference apparently not intended by her.

Sarah G. Offermann intended unquestionably, with the exception of the specific bequest made to the one daughter, that her entire estate should be divided equally between the children. She also intended that each one's share should be charged with the amount of the moneys advanced. Her will, therefore, governs the distributive shares and incumbrances against each share regardless of to whom the distributive share passes.