In the Matter of the Estate of HIRAM W. METZ, Deceased.

Surrogate's Court, Erie County, December 31, 1944.

*Allan C. Christman* for executors.

*Leo V. Lanning,* special guardian for Emerson R. Metz and another, infants.

VANDERMEULEN, S. The decedent by his will left his estate to four children, equally, one of whom, Emerson R. Metz, died shortly before the testator leaving two minor children, Emerson R. Metz and Alice C. Metz, who, pursuant to section 29 of the Decedent Estate Law, take the share of their deceased father. Were it not for this section, the legacy would lapse.

Emerson R. Metz, the deceased son of the testator, Hiram W. Metz, borrowed during his lifetime from his father the sum of $2,793. He evidenced this loan by giving a note signed by himself and his wife, Alice C. Metz, as accommodation indorser, dated November 1, 1936, payable in one year, with interest. Indorsed on the instrument, in the handwriting of the testator, are payments made by the son on account of interest in the years 1939 and 1940. It is admitted that the Statute of Limitations cannot be raised against the loan by reason of the interest payments. The note, with interest, now amounts to a sum greater than the one-fourth share of the son, Emerson, in the estate, and which share, as hereinbefore stated, goes to the infant children by reason of the aforementioned section.

The question is whether this indebtedness can be set off against the share of the infant children of Emerson R. Metz.

*Tuttle* v. *Tuttle* (2 Dem. 48) appears to support the contention of the children. I think, however, that the learned Surrogate lost sight of the fact that if the children of a deceased legatee, owing money to the father, are permitted to take the parent's legacy in full, without the offset of the debt, the remaining beneficiaries receive less than the one owing the debt and the children are

favored in such a manner as the deceased never intended. There is a well-established principle that the intention of the testator must be followed wherever possible. If the deceased intended that the debt was not to be charged against the share of his son, either specifically or by virtue of the law, he could have canceled the debt by appropriate wording in his will.

I am in accord with the statement in *Tuttle* v. *Tuttle* (*supra*) that the legacy by virtue of the intestacy does not go to the estate of the deceased son. But when it passes to the children it is subject to an equitable lien for the amount owing to the estate and whatever is left is to be paid to them.

In *Matter of James* (149 Misc. 135, 136) the following was stated:

" The right of an executor to set off a debt due from a legatee in determining the net sum payable to the latter by way of distribution, has been settled since extremely early days. In *Smith* v. *Kearney* (2 Barb. Ch. 533), Chancellor Walworth in an elaborate opinion, says (at p. 547) : ' Again; the right of the executor or administrator to retain the whole, or a part, of a legacy or distributive share, in discharge or satisfaction of a debt due from the legatee or distributee to the estate, is not only consistent with the soundest principles of equity, but is perfectly well settled.'

" Again (at p. 548) : ' That this is not a mere question of legal offset, but of equitable lien and right of retainer, was settled by Sir James Wigram in the recent case of *Courtenay* v. *Williams* (3 Hare's Ch. Rep. 539).' " (See, also, *Matter of Adele E. Flint,* 120 Misc. 230.)

Where is the equity if a decedent's child owes him money that is a proper charge against the share of the child and because of his death the charge against the share no longer exists. The issue could not expect to receive a greater portion of the estate than the deceased parent would have taken if he had lived.

There is a conflict on the subject throughout the various States, but the weight of authority seems to hold that the debt should be set off against the share of the children.

The courts of New Jersey have construed the New Jersey statute, which is similar to section 29 of the Decedent Estate Law, to mean that such a setoff should be made as against the children of a deceased legatee, stating as follows: " it was not intended to raise grandchildren to a plane higher than that which their parent could have ever occupied, or to give them rights as against the other beneficiaries under the will, which the person in whose place they are substituted never would have

been permitted to assert. The statute-made legatee is a mere substitute; he is thrust, by force of the statute, in the place made vacant by the death of the legatee named in the will, and is given what, but for his death, would have gone to the primary legatee." (*Denise's Executors* v. *Denise*, 37 N. J. Eq. 163, 168.)

To the same effect see a more recent decision in the highest court of Alabama (*Kling* v. *Goodman*, 236 Ala. 297).

The highest court of Pennsylvania in a very recent case held that under the statute of such State, which is very similar to our section 29 of the Decedent Estate Law, that the debt of a son to the decedent should be set off against the son's children, who take the legacy by reason of the death of their parent prior to that of the testator, the court holding it was not the legislative intent to confer upon such issue rights superior to those possessed by the original legatee or to enrich them at the expense of other beneficiaries under the will and that it was not the Legislature's purpose to relieve against an injustice and inequality in the law by creating another one and that the provision must be construed with reference to the object intended by it.

" It means that such issue are substituted for and placed in the position of their parent, with the same effect for all purposes as if such parent had survived the testator. In other words, they succeed to all the rights he possessed, but subject to his burdens and bound by the equities which would have existed against him." (*Callery's Estate*, 333 Pa. 258, 262.) (See, also, *Tilton* v. *Tilton*, 196 Mass. 562; *Baker* v. *Carpenter*, 69 Ohio St. 15; *Birge* v. *Nucomb*, 93 Conn. 69; *In Re Estate of Mikkelson*, 202 Iowa 842; *In Re Estate of Rueschenberg*, 213 Iowa 639.)

An advancement and a loan by a decedent are quite analogous. In *Matter of Offerman* (160 Misc. 787, affd. 251 App. Div. 791) it was held: " An advancement made by the testatrix to her son, who predeceased her, is chargeable against the legacy to him under her will, although said legacy, under section 29 of the Decedent Estate Law, does not lapse but passes to his children, where the testatrix intended that her entire estate should be divided equally among her children and that each one's share should be charged with the amount of the moneys advanced." (See headnote.)

I therefore hold that the amount due on the note, dated November 1, 1936, and signed by Emerson R. Metz and. Alice C. Metz, his wife, shall be set off against the share of the children of Emerson R. Metz, deceased.

Let the decree of judicial settlement provide accordingly.