John C. Boylan, S.
This is an application under section 219 of the Surrogate’s Court Act by the sole beneficiary, under the trust provisions of the decedent’s will, to compel the trustees to pay over to him money to which he alleges he is entitled by the terms of the will and for the fixation of an anniversary date for future payments.
The petitioner is the sole surviving heir at law and next of kin of the decedent who died a resident of Richmond County on the 23rd day of February, 1955 leaving a last will and testament which was duly admitted to probate on the 9th day of March, 1955. By the provisions of that instrument, the decedent required the establishment of a trust fund from the residuary estate for the benefit of the petitioner herein.
The pertinent provisions of the will are as follows:
‘ ‘ Eleventh : All the rest, residue and remainder of my estate, whether real or personal, of whatsoever kind or nature, and wheresoever situate, of which I may die seized or possessed, or to which I may be or become entitled, including the real property known as 545 Wooley Avenue and used by me as my home, I give, devise and bequeath unto my executors, hereinafter named and direct that they convert the same unto cash as soon as may be practicable and I direct that my executor, hereinafter named,
“ (a.) to pay out of the balance then on hand the sum of Ten Thousand ($10,000.00) Dollars unto my son,
“ Walter rae allen, jr., the same to be his for his own use and benefit.
“ (b.) and I further direct the balance to be paid to my trustee, hereinafter named in trust, nevertheless for the use and benefit of my son, Walter rae allen, jr., as hereinafter set forth.
1 ‘ Twelfth : I hereby give unto my trustee the power to accept the trust fund hereinabove set forth, and to hold and invest the same in legal investments and to collect the income thereon and add it to the trust fund, and to pay the sum of Seven Hundred and fifty ($750.00) Dollars out of said trust fund whether it be out of income or principal, every three months, unto my son, Walter rae alt,en, jr., for so long a time until the trust fund, both income and principal, is exhausted, or until the trust is *464 otherwise terminated as hereinafter provided. The first payment under the provision of this fund shall become due and payable to my son three months after the trust has been set up and established in the hands of the trustee.
‘ ‘ Fifteenth : In the event that my son should die after my death and before the trust fund above set forth has become exhausted, then I direct that the trust shall cease and terminate and the remainder in the hands of the trustee shall be paid in equal shares unto my brother, william juebler, my sister, marie pokorny, and my niece, ruth bothner, for their own respective uses and benefits. ’ ’
The respondents, who were the nominated executors and trustees under the will, qualified as executors immediately upon probate by filing their oaths and designations herein on March 7, 1955. They failed to qualify as trustees until October 22, 1956 subsequent to the institution of compulsory accounting proceedings herein by petition filed on September 24,1956. During the course of that proceeding the respondents filed their voluntary petition for judicial settlement of their account as executors together with the said account.
The petitioner herein did not file any objections and the proceeding is still pending.
The present proceeding was instituted by the filing of the petition herein on December 5, 1956 and a citation was duly issued returnable December 19,1956.
A question arises as to whether or not the present proceeding is barred by the pendency of the proceeding for the judicial settlement of the account of the respondents as executors.
Another matter at issue herein concerns the time for the setting up of the trust. Should the respondents, at the time that they qualified as executors, also have qualified as trustees and set up the trust immediately or should the establishment of the trust still remain unaccomplished and await the decree in the executors’ accounting proceeding?
The petitioner contends that there were sufficient assets in the estate over and above all possible contingent claims for administration, funeral expenses and debts of the decedent to pay all general legacies and set up the trust provided for in the residuary clause of the will.
The respondents contend that they could not have legally set up the trust fund until the expiration of the seven-month statutory period for the discharge of the executors.
The pertinent provisions of section 218 of the Surrogate’s Court Act reads as follows: “No legacy shall be paid by an executor * * * before the expiration of seven months from *465 the time from granting letters testamentary * * * unless directed by the will ”. This section applies to legacies and not trust funds. (Matter of Ahrens, 203 App. Div. 30.)
The pertinent provisions of section 219 of the Surrogate’s Court Act read as follows: “ Where a person is entitled, by the terms of the will, to the payment of money, * * * by a testamentary trustee, he may present to the surrogate’s court a petition, setting forth the facts which entitle him to the payment * * * and praying for a decree, directing payment * * * accordingly * * *. If the petitioner is so entitled, only upon the happening of a contingency, or after the expiration of a certain time, he must show in his petition, that his right to the money * * * has become absolute.”
The respondents also contend that as a condition precedent to the relief sought hereunder, the petitioner must show an absolute right to receive the distribution demanded and that this, the application has failed to do.
A careful reading of section 219 indicates that such condition is imposed upon the petitioner where he would be entitled to payment of the proceeds of a trust fund only after the happening of a contingency or the expiration of a certain time. No such limitations exist here as is indicated by the provisions of the will hereinabove set forth.
In the absence of any contingency or time limit set forth in the will, it need only be shown that the petitioner is entitled to payment of money by the terms of the will. The respondents advance no proof or argument to controvert that the petitioner is so entitled. On the contrary the will designates the applicant herein as the principal object of the testatrix’ bounty, he being her only surviving child, next of kin and sole residuary legatee.
The court holds that the pendency of the accounting proceeding does not constitute a bar to the commencement of a proceeding under section 219 of the Surrogate’s Court Act (Matter of Kent, 173 App. Div. 563; Matter of Morris, 151 Misc. 325); that the time for setting up the trust fund should have been when the respondents qualified as executors, and that that date should also be the anniversary date of the trust.
In spelling out the exception of a trust fund, created by a will, from that provision of section 218 prohibiting the payment of a legacy prior to the expiration of the statutory period, the Appellate Division in Matter of Kent (supra) stated that where the persons designated as executors and trustees under a will have in their hands, at the time letters testamentary are issued, ample securities to set up the trusts provided for by the will, and there is nothing in the will or the surrounding circumstances to *466 indicate any intention on the part of a testatrix to postpone the enjoyment of the trust, it should be set up immediately.
In the instant proceeding the court finds nothing in the will or the surrounding circumstances to indicate any such intention. On the contrary it is definitely established by the will that payments are to be made to the beneficiary three months after the establishment of the trust and quarterly thereafter.
The respondents have not brought forth any evidence to show that there were not ample funds to set up the trust. On the contrary, the respondents in their petition for probate, their transfer tax proceeding and their account filed herein set forth sufficient evidence to satisfy the court that the respondents, at the time of issuance of letters testamentary, had in their hands more than ample funds over and above all contingent claims, debts and demands against the estate to establish the trust as provided for in the will.
Enter decree on notice in accordance herewith.