In the Matter of the Estate of WILLIAM A. BELDEN, Deceased.

Surrogate's Court, Westchester County, March 4, 1932.

*Montgomery, Peabody & Grace,* for the Fulton Trust Company of New York, executor.

*Tanner, Sillcocks & Friend,* for Raymond Sprague, respondent.

*Robert P. Smith,* special guardian.

SLATER, S. The decedent was a member of the firm of Drake Brothers at the time of his death. The firm transacted a brokerage business and the partnership existed pursuant to partnership agreements.

The question presented to the court is upon the claim of the liquidating partner for payment of one-half of the expenses of the liquidation incurred over a period of two years, pursuant to the agreement. Is the estate of the decedent liable under the partnership agreement, or the law of partnership, or the decisions of the courts? The court has power to decide this question or any other question affecting an estate, arising under a partnership, even though to do so it becomes necessary to have an accounting of the partnership. (*Matter of Raymond* v. *Davis,* 248 N. Y. 67.)

The amount of the claim is $30,756.66. Upon the death of the member of a partnership, the legal title to the assets of the firm vest in the surviving member, and, on what is left, the representative of the deceased partner has the right to an accounting. (*Matter of Prince,* 141 Misc. 600.) The profits of the joint venture remain unknown and unknowable without winding up the business through liquidation of the assets. (*Matter of Raymond* v. *Davis, supra.*)

It becomes the duty of the surviving partner, as a general proposition, to apply the firm assets to the payment of the debts, to close up the business with reasonable promptness, and to account to the representative of the deceased partner for his share of the final balance. The surviving partner is charged with all the duties of fair dealing and regard for the interests of the firm, such as is required of any trustee. While he is liquidating the business, he may exercise such powers as are reasonably necessary to accomplish that purpose. For this purpose he may employ assistance and incur expenses, as the case reasonably requires. This would include the cost of running the business, such as rent charge, the

drawing account of employees under agreement, any expenses required to be paid under agreements, warehouse storage charges, commissions on transfer of stock from the old partnership to the new liquidating business, premiums upon any insurance upon the lives of the partners for the benefit of the business, general office expenses, and kindred expenses.

Aside from the terms of the partnership agreement and the general law of partnership of this State, each case must be decided on the equitable proof appropriate to the case. (*Greenslete* v. *Ferguson*, 191 App. Div. 745; *Germann* v. *Jones*, 220 id. 5.)

Section 40, subdivision 6, of the Partnership Law provides: " No partner is entitled to remuneration for acting in the partnership business, except that a surviving partner is entitled to reasonable compensation for his services in winding up the partnership affairs."

In the instant case the surviving partner is not asking for any pay for his personal services in winding up the partnership affairs. The rule of law regarding compensation is laid down in *Stem* v. *Warren* (185 App. Div. 823, 833) and *Consaul* v. *Cummings* (222 U. S. 262, 269).

The terms of the original and the supplemental partnership agreements throw but little light upon the intent of the partners with relation to the instant question. These agreements provide, however, that, in the event that one Thomas E. Dunham acts as liquidator, he shall be paid the sum of $50,000 for his services in liquidating and winding up the affairs of the firm, and that the said fee shall be charged to the expenses of the liquidation, *the same as accountants' fees, rents, attorneys' fees, office and other expenses.* Here may be found a glimmer of an intent of the partners that, in any liquidation, the cost of the accountants, rent, attorneys' fees, office and other expenses shall be paid out of the liquidating fund.

In the " twelfth " paragraph of the partnership agreement significant language is found with reference to the possible dissolution by death or otherwise of the firm; the survivor is given a period of two years to wind up the business and, during the said period, may continue and carry on the said business, any law to the contrary notwithstanding. Of course, no business can be carried on for two years without cost and expense. Here, again, we find the intent of the partners that the liquidating business shall be charged with the cost of the liquidation.

There is a paucity of cases upon the question whether the legitimate and ordinary expenses of running a liquidating business for

a period of time should be shared by the estate of a deceased partner.

A surviving partner is entitled to be reimbursed upon equitable principles for proper expenditures during the liquidation period. This right is dependent upon acting reasonably in the performance of his duties, as the winding-up partner, in a lawful manner. (*Schenk* v. *Lewis*, 125 S. C. 228; 118 S. E. 631; *Didlake* v. *Roden Grocery Company*, 160 Ala. 484; 49 So. 384.)

In *Snead's Executrix* v. *Jenkins* (225 Ky. 832) the court held that the surviving partners were entitled to control the partnership assets for the purpose of settling the partnership affairs, having the right to collect the partnership assets, pay creditors and wind up the affairs of the partnership and, after deducting the amount of the indebtedness and the necessary expenses in winding up the partnership affairs, from the proceeds realized from the sale of the partnership assets pay over the balance to those entitled thereto. (See 47 C. J. 1047, 1060, 1067.)

It is settled as a principle of equity that the surviving partner who is vested with the legal title of the property in liquidation, is entitled to deduct therefrom proper, reasonable and necessary expenses in winding up the business. (*Meyer* v. *Meyer*, 201 App. Div. 596, 601.)

The general principle is that it is right to incur such proper, necessary and reasonable expenses in connection with the liquidation of the partnership estate as might be called for in the administration and winding up thereof. (*Preston* v. *Fitch*, 137 N. Y. 41, 52.)

The claim is allowed.

Submit order.