In the Matter of the Estate of JOSEPH D. EDDY, Deceased.*

Surrogate's Court, New York County, June 28, 1940.

* See *post*, p. 1011.

*McCanliss & Early,* for Thomas Dickson, as executor, etc., of Joseph D. Eddy, deceased.

*William Roberts,* for Thomas Dickson, as surviving partner of Dickson & Eddy.

*Fearey, Allen & Johnson,* for Sally D. Eddy, widow.

*Bloomberg & Bloomberg,* for Marge A. Kerin, legatee.

*Edmund M. McCarthy,* special guardian, for infants.

DELEHANTY, S. The executor of deceased has filed an account of his proceedings as executor and with it an account of his proceedings as surviving partner in the firm of Dickson & Eddy which was dissolved by the death of deceased. This court has jurisdiction to take and state the account of a surviving partner who is also an executor if indeed it is not the only court in which such an account can be made in such circumstances. (*Matter of Hearns,* 214 N. Y. 426, 433; *Matter of Raymond* v. *Davis,* 248 id. 67.)

The accounting party is here in two fiduciary characters. In each of these he owes a duty of full disclosure of his proceedings. Since this court has complete jurisdiction over him in both his characters and since his proceedings as surviving partner are indissolubly merged with his proceedings as executor, the course of practice in the Surrogate's Court is applicable to him. In particular section 263 of the Surrogate's Court Act requires him to submit to examination under oath " by any party to the proceeding as to any matter relating to his administration of the estate or fund." The widow of deceased seeks a broad examination of respondent. So, too, does one of the other legatees under his will. Since respondent in his character as surviving partner and in his character as executor has had absolute control over the assets of the estate and has had unlimited opportunities to manage such assets in his uncontrolled discretion, it is appropriate that he be required to disclose in the greatest detail all of his acts in his respective fiduciary capacities in order that the parties and the court may determine whether what is here reported as the assets of the estate are all of such assets and whether the proposed disposition of one of them may properly be approved by the court.

The business in which deceased and the accounting party was engaged during deceased's lifetime was a very substantial business

in the production and handling of coal. Apparently in connection with this business there existed somewhat involved business relationships with other corporations, some of which were dealing at arm's length with the partnership and some of which seemed to have been at least in part agencies of the partnership. Since the death of deceased the corporate structures dealt with by the accounting surviving partner have altered to some extent and the number of the organizations alleged to be concerned with the interests of deceased's estate has increased rather than decreased since deceased's death. In respect of these corporations the accounting party through his counsel advances a very narrow view of his obligation to make disclosure. With that point of view the court is entirely out of sympathy. Its views on the obligation of a fiduciary to obtain corporate records and to disclose them have been stated in *Matter of Witkind* (167 Misc. 885, 893, 894) and in *Matter of Barrett* (168 id. 937). Both of these authorities were cited with approval in *Matter of Sullivan* (255 App. Div. 1008) where the Appellate Division affirmed the order of the surrogate then before it and plainly indicated that further inquiry into the corporate affairs should be had if reason therefor existed. Whether or not the inquiry will develop facts to the detriment of the executor cannot be known now, but the court is definitely of the view that the facts now disclosed require a broad examination.

After deceased's death the executor organized a concern called Dickson Coal Company, Inc. The fiduciary is president of this company. The fiduciary's sister and her husband are said by the fiduciary to be the controlling stockholders. This company occupies the space formerly occupied by the partnership. It uses the furniture of the partnership. It uses the automobiles of the partnership. It has the same employees as did the partnership. It deals with the same customers as did the partnership. The estate beneficiaries are entitled in these circumstances to a wide inquiry as to the executor's dealing in this company.

The fiduciary asks the court to approve a settlement which he proposes to make of a claim owed to the estate in the principal sum of $122,000. The debtor is a company with which Dickson Coal Company has transacted very large business since deceased's death. The Dickson Coal transactions with this debtor are asserted to have been long continued and presumably have been profitable to it. During the period of this trading by Dickson Coal Company with the debtor to the partnership the partnership debt was reduced only slightly, though the Dickson Company account is said to be fully paid up. It is now proposed by the fiduciary to accept from the debtor company slightly over twenty-five cents on the dollar

in satisfaction of the partnership claim. Before the court can act on this proposal it must have all the facts. The accounting party in his character as liquidating trustee holds as collateral for the debt which he proposes to settle at twenty-five cents on the dollar a controlling interest in the stock of this company. Plainly he may use that control if he chooses to do so to get the information which will enable the objectants and the court to pass upon the propriety of the proposed settlement.

One of the largest receivables of the copartnership is one for over $900,000 against a coal company all of whose stock is owned by New York and Ontario Western Railway Company. The notes of the coal company are indorsed by the railway company. This coal company had a contract with another coal company. The original coal company, the railway company and the second coal company are all in reorganization. Plainly a creditor having a claim of $914,000 is able to have a voice in the examination of the books and records of these companies. Before conceding that this large receivable is worthless the beneficiaries are entitled to the fullest aid of the executor in learning all the relevant facts as to the ability of the debtors to make payment.

Another corporation of which the copartnership is the sole creditor has apparently a right of recapture of some security deposited by it under the Workmen's Compensation Laws of Pennsylvania. This company's books no doubt could be made available if proper action were taken by the fiduciary. He should seek to make the books available.

The foregoing is by no means a complete recital of the bases upon which the moving parties seek direction of the court to the fiduciary to make disclosure. Enough has been said to show the need for such a direction. Presently the court will make an order directing the fiduciary to disclose fully to the moving parties all data in his possession relating to any of the corporations referred to in the moving papers whether such data consists of books of account, accountants' statements, corporate minutes, financial reports or anything else which deals with the respective corporate affairs. The court will also direct the fiduciary to submit to examination as to what steps he can take to procure by appropriate action as creditor or stockholder or owner of collateral full disclosure by the corporations mentioned in the moving papers of their transactions relating to the copartnership affairs and to the estate affairs.

The court will retain jurisdiction of this application and will at the foot of the order to be made presently add such further direction to the fiduciary as may be found appropriate upon the development

of the facts in the discovery and the examination hereby authorized. The moving parties may at any time on an appropriate showing seek further direction to the fiduciary to take specific steps in relation to any of the corporations referred to.

The fiduciary has been asked to disclose his own books. In answer to that demand he asserts his constitutional rights. He is asked only to disclose his transactions in respect of estate property. When he voluntarily assumed the office of fiduciary he assumed with it the obligation to make that disclosure. He has no constitutional right to withhold the disclosure. The moving papers, however, are bare of any showing of a specific need for any information out of the fiduciary's own books. When and if that showing is made in the future steps in the proceeding the court will consider further the demand for the inspection of the fiduciary's books.

Submit, on notice, order accordingly.