In the Matter of the Estate of MAX KALIK, Deceased.

Surrogate's Court, New York County, February 11, 1942.

*Kotzen, Mann & Siegel*, for Benjamin Uchitelle, as executor, etc., and *Stein & Salant*, for Ida Kalik, individually and as executrix, etc., petitioners.

*Charles F. Evans*, special guardian.

*Gillespie & O'Connor*, for The Catholic Charities of the Archdiocese of New York, respondent.

No appearance for Moe Hoffman, respondent.

FOLEY, S. In the petition for the judicial settlement of his intermediate account as executor, the accounting executor seeks a

determination by the surrogate of the decedent's interest in various enterprises in which the decedent had been engaged either as a partner or joint adventurer. In his prayer for relief he requests, among other things, a decree directing Moe Hoffman " to account to the estate for the decedent's interest in the partnership maintained with the said Moe Hoffman." The account sets forth as an asset of the estate the decedent's interest in this partnership, the full value of the uncollected interest being unknown. The accountant alleges that the surviving partner has not accounted to the executors and has failed to turn over to the estate any money or property in payment of decedent's share in the liquidation of the partnership. The account likewise requests a direction that the surviving partner " fully account to the estate, in accordance with law, for the decedent's interest in the aforesaid partnership." Hoffman has accordingly been cited to show cause why he should not account to the estate as the surviving partner of a partnership with the decedent.

The respondent Hoffman has moved for an order striking his name from the citation as an improper party to this proceeding on the ground that the Surrogate's Court has no jurisdiction to compel a surviving partner to render an account of the liquidation of the partnership where the surviving partner is not a person interested in the estate (Surr. Ct. Act, § 314), nor a creditor of the estate, nor a fiduciary under the control of the Surrogate's Court.

The motion to strike out Moe Hoffman from the proceeding as an improper party is granted.

The pertinent provisions of the Surrogate's Court Act and the decisions which have construed them clearly indicate, *first*, the proper boundaries of jurisdiction of this court in cases involving an alleged or actual partnership between the decedent and some other person and, *second*, cases which lie outside such boundaries.

The *first* class of proceedings, where jurisdiction may be entertained under the broad grant of section 40 of the Surrogate's Court Act, may be divided into four groups: (a) Where the surviving partner asserts a claim against the estate as a creditor (*Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Winter Estate*, 231 App. Div. 519; *Matter of Belden*, 143 Misc. 159); (b) where the surviving partner is a beneficiary entitled to share in the distribution of the estate and a question of setoff or counterclaim as against his liability to the estate as the surviving partner may be tried and determined (*Matter of James*, 149 Misc. 135); (c) where the surviving partner is the accounting executor or administrator (*Matter of Hearns*, 214 N. Y. 426, and cases cited; *Matter of Eddy*, 175 Misc. 193); (d) where the surviving partner, while asserting no

claim against the estate, " voluntarily appears " in the proceeding. (Surr. Ct. Act, § 40; *Matter of Raymond* v. *Davis, supra; Matter of Gurevitch,* 166 Misc. 439.)

In the *second* class of cases, where no jurisdiction exists to enforce a partnership accounting in the Surrogate's Court, the surviving partner is neither a claimant nor creditor nor a person entitled to share in the estate nor a fiduciary or has refused to voluntarily appear in the proceeding. (*Matter of Lichtblau,* 146 Misc. 278.)

It is within the latter group of cases that the respondent Moe Hoffman belongs. He refuses, and properly within his rights, to submit to the jurisdiction of this court. He cannot be made a party *in invitum.* In his status as surviving partner he is entitled to assert that an action should be brought in the Supreme Court by the executors for an accounting of the partnership assets and for a determination of the amount, if any, due this estate.

In the leading case of *Matter of Raymond* v. *Davis (supra)* the surviving partner filed a claim against the estate of the deceased partner for his share of the profits. The validity of the claim was tried in the Surrogate's Court. In disposing of the challenge to the jurisdiction of that court to decide this claim, Chief Judge Cardozo said: " Liquidation may be ordered by a decree of the surrogate *as an incident to the allowance or rejection of a claim to share as creditor* in the assets of the estate. Only by such relief can there be complete justice between the parties without oppressive expense or harrowing delay." (Italics mine.) He also pointed out in his conclusion that the surviving partner as a claimant was entitled to anything that might be due him " in the forum whose aid he has invoked."

Even in this limited class of cases where the taking of a partnership account is merely subordinate to a principal question over which the surrogate has undoubted jurisdiction, the power is sparingly exercised. " In spite of its undoubted power for this purpose, the Surrogate's Court is usually properly loath to assume jurisdiction to direct the winding up and settlement of accounts of a dissolved partnership." (Per Wingate, S., *Matter of James, supra.*) The hesitancy of the court to entertain jurisdiction will turn to a definite denial of it where rights of partnership creditors who are third parties have to be litigated.

It is a fundamental principle of our probate law that a Surrogate's Court has no jurisdiction of a proceeding to collect a simple debt or to enforce a purely contractual obligation or personal duty. (*Matter of Thomas,* 235 App. Div. 450, 454; *Matter of Campbell,* 145 Misc. 389; *Matter of Thoms,* 165 id. 398.) Recovery in such cases must be pursued in other forums. Upon the death of one partner, the title to the assets and property of the firm passes to the

surviving partners as legal owners. They have complete and exclusive possession and control over such assets. The representatives of the deceased partner have no title to the assets and no right to interfere with the administration of the partnership. They have only an equitable interest in the distribution of the surplus remaining after the payment of all debts of the firm. (*Williams* v. *Whedon*, 109 N. Y. 333; *Costello* v. *Costello*, 209 id. 252; *Stem* v. *Warren*, 227 id. 538.) The partnership assets as such form no part of the assets of this estate. (*Slater* v. *Slater*, 208 App. Div. 567; affd., on opinion of MERRELL, J., 240 N. Y. 557.) The executors may require the assets to be applied to the partnership obligations and may compel the surviving partners to account for the firm transactions and for transactions requisite to wind up the business. (*Cahill* v. *Haff*, 248 N. Y. 377.) The appropriate forum for such an accounting proceeding is a court of general jurisdiction where the rights of the partnership creditors and of the partners as between themselves may be enforced separately from the administration of the personal estate of one of the partners.

*Matter of Lichtblau* (*supra*) typifies the case of a partnership accounting where no jurisdiction existed. The administratrix sought in a discovery proceeding to compel the delivery of property of her intestate in the hands of respondent. Certain of the property had belonged to a firm in which decedent and respondent were partners. Surrogate HENDERSON held that the administratrix could not maintain the proceeding. He said: " A partnership accounting is an independent proceeding and is not incidental to the determination of the rights of the parties in the present proceeding. Its purpose is to determine the extent of the indebtedness of the accountant to the estate. There is no jurisdiction in this court to direct such an accounting or to determine such an indebtedness either in an independent proceeding or one for discovery."

I am in accord with that conclusion. The cases cited by the executor in support of his contention that this court has jurisdiction to direct a partnership accounting are not in point.

The present proceeding falls within none of the classes of cases in which jurisdiction of partnership accountings has been entertained. Here the respondent Hoffman makes no claim against this estate either as creditor, legatee, distributee or in any other capacity. He asks nothing of the court and nothing from the executors. He has been brought in as an unwilling party by citation procured by the petitioning executor, not on the theory that he is or will be entitled to anything from the estate but, on the contrary, under an allegation that the estate may be entitled to receive something from him.

It is asserted by the respondent Hoffman that he has accounted in full to the estate. The disputed questions as to whether that account is accurate or whether further moneys or property are due from him must be made the subject of an action by the executors against him in the Supreme Court.

Submit order on notice striking out Moe Hoffman as a party to this proceeding.