John J. Dillon, S.
The executrix instituted this intermediate accounting proceeding on October 11, 1955 and Joseph F. Gillis was duly cited as a person who may have a claim against the estate arising out of “ a former law partnership of Kadel, Hoffman and Gillis ’ ’. The law partnership referred to by the petitioner was entered into between the decedent and the two above-mentioned persons on May 22, 1946 and was terminated *255 by mutual agreement on January 31, 1948. On November 14, 1955, J. F. G-illis interposed a claim in which he alleged that upon dissolution of the partnership the books and records thereof were left in the custody and care of the decedent and that the decedent undertook “ to liquidate the business and affairs of such partnership and to account to the members thereof It is further alleged that the decedent furnished his two former partners with financial statements, but such statements contained no details as to the method employed in computing the apportionment of fees. The claimant further alleges that to date he has never received a complete and detailed account with respect to the liquidation and apportionment of fees of the partnership.
After the passage of approximately three years and after lengthy litigation with respect to other questions raised in connection with this accounting, the executrix has now moved to amend her petition and citation so as to delete the claimant as an interested party on the grounds that this court has no jurisdiction to direct her to account for the partnership assets by reason of the fact that one of the former partners is not a party to the within proceeding. In Matter of Raymond v. Davis (248 N. Y. 67), the Court of Appeals in an opinion by Cardozo, Ch. J., held that the Surrogate has jurisdiction over a partnership accounting and stated (pp. 71, 72) as follows: ‘ ‘ Liquidation may be ordered by a decree of the surrogate as an incident to the allowance or rejection of a claim to share as creditor in the assets of the estate. Only by such relief can there be complete justice between the parties without oppressive expense or harrowing delay. * * * ib remit the claimant to another forum after all these advances and retreats, these reconnaissances and skirmishes, would be a postponement of justice equivalent to a denial. If anything is due him, he should get it in the forum whose aid he has invoked.” (Emphasis added.)
In Matter of Kalik (178 Misc. 607, 608), one of the cases relied upon by the petitioner to sustain her position, the executor, as an incident to Ms accounting proceeding, requested the court to direct one of the respondents “ to account to the estate for the decedent’s interest in the partnership maintained ” with him. The respondent’s motion for an order striking his name from the citation on the ground that the court had no jurisdiction to compel him to render an account "with respect to the liquidation of the partnership where he is neither “ a person interested in the estate (Surr. Ct. Act, § 314), nor a creditor of the estate, nor a fiduciary under the control of the *256 Surrogate’s Court ” was granted. In the instant ease the respondent has voluntarily appeared and interposed a claim against the estate, as contrasted to Matter of Kalik (supra) where the executor sought to compel a person not otherwise a party to the proceeding to submit to the jurisdiction of the Surrogate’s Court and render an account with respect to the partnership. The claimant has asserted that the assets of the partnership were liquidated by the decedent and that the claim of the third partner, not a party to this proceeding, was settled pursuant to an agreement entered into on or about October 16, 1950. The claimant further contends that no affirmative relief is being sought by either himself or the petitioner against the third partner, and that the third partner has no claim against either the claimant or the decedent’s estate.
On the basis of the allegations contained in the pleadings, which are presumed to be true for the purpose of determining this motion, it would be an unreasonable burden upon the claimant to compel him to seek his relief in another forum. However, in order to avoid the possibility of a multiplicity of suits, the petitioner is directed to secure a supplemental citation and serve it upon the other surviving partner at a time to be fixed in the order to be made herein.
The petitioner’s motion to amend the original petition and citation in this matter is denied.
Settle order.