In the Matter of the Estate of JOHN KADEL, Deceased.

Surrogate's Court, Westchester County, June 20, 1962.

*Kadel, Wilson & Potts* (*Harold Schwinger* of counsel), for petitioner. *J. F. Gillis,* claimant in person, and *Kent, Hazzard, Jaeger & Wilson* (*Mizell Wilson* of counsel), for claimant.

HARRY G. HERMAN, S. In this executrix accounting proceeding, a former law partner of the deceased requests that a partnership accounting be directed. The deceased, the claimant Gillis and a third lawyer were engaged in the practice of the law as partners from May, 1946 to January, 1948; the partnership was dissolved as of January 31, 1948. The decedent died

on December 5, 1954, and in the intermediate account filed in October, 1955, the executrix rejected Gillis' claim, stating that he had not filed a formal claim but had indicated he might do so. After Gillis had filed his claim, the executrix interposed an answer which, in addition to various denials, asserted as an affirmative defense that the partners had employed certified public accountants who had regularly audited the law firm's books and records and had submitted financial reports covering the firm's operations, that there had been a complete settlement of the accounts among the firm partners, and that there were moneys due from Gillis to the deceased. Thereafter the claimant moved to strike the answer as sham and frivolous, and former Surrogate DILLON in an opinion dated July 8, 1960 (N. Y. L. J., July 14, 1960, p. 7, col. 4) denied the motion and stated that "where an answer places in issue the right of a party to an accounting the issue must be determined before an accounting is directed (Wynkoop v. Wynkoop, 119 App. Div. 679)." See, also, *Tooley* v. *Exempt Firemen's Benevolent Assn. of the City of Yonkers,* (13 A D 2d 685) to the effect that one must first establish his right to an accounting before an accounting will be directed. The Surrogate has jurisdiction in an accounting proceeding to direct a partnership accounting as an incident to the allowance or rejection of the claim, and of the claimant's right to share as a creditor in the assets of the estate (*Matter of Raymond* v. *Davis,* 248 N. Y. 67). The question of jurisdiction was the subject of a prior determination by this court in this estate (*Matter of Kadel,* 16 Misc 2d 254, affd. 9 A D 2d 928).

Upon the hearing, the claimant maintained that he had not received "an accounting, as anticipated under law." While admitting he had received the various accountant's reports and that he had access to the timesheets of the law partnership, he urged that the allocation of fees in unfinished legal matters pending when the partnership was dissolved on January 31, 1948, and which were concluded some time later, had been made by the deceased; that the claimant had importuned for a review of these matters but without success, and that he had not initiated any legal actions because of his relationship with the deceased.

The difficulty with the claimant's position is that not only did he receive these accountant's reports during the partnership existence, but also for a subsequent period; that he had access to the firm's books and records while a partner, and apparently no one denied him access thereafter; on the contrary any

detailed information requested by him would have been furnished. (Cf. *Corr* v. *Hoffman,* 256 N. Y. 254.) In the last analysis, what claimant is now seeking is a review of the allocations made by decedent of post dissolution fees and the claimant urges that such allocations should now be the subject of an accounting. But despite the claimant's criticism as to the allocation of partnership fees he acquiesced in such allocations to the extent of adopting them in signing the partnership tax returns and his individual income tax returns. And so far as appears no objections were made to the allocation before May, 1950, and no proof of claim was filed until November, 1955.

Unfortunately the records are not now available, neither are the worksheets, and most importantly neither is the deceased who made the allocations. It is understandable that the claimant was reluctant to pursue his remedies more vigorously because of his relationship with a brother lawyer and former partner. However, pressing such a claim at this stage, and under the circumstances herein, places the executrix in an impossible position (*Matter of Long,* 144 Misc. 181; *Matter of Harvey,* 15 A D 2d 834). The delay may be understandable as a calculated risk assumed by the claimant while Kadel was alive, but when it '' works a disadvantage '' to another it becomes a matter of laches (*Feldman* v. *Metropolitan Life Ins. Co.,* 259 App. Div. 123). There has been such a change of situation that it would now be inequitable to grant the request for a partnership accounting (*Seligson* v. *Weiss,* 222 App. Div. 634).

Settle decree accordingly dismissing the claim and settling the account.