S. Samuel DiFaloo, S.
During the course of a hearing set by this court pursuant to prior decisions herein, the executor-petitioner moved the court to dismiss his own petition on the ground that the court does not have jurisdiction of the subject *509 matter. The executor was afforded an opportunity to make a formal motion. That motion is the subject of this decision.
This is a proceeding pursuant to SCPA 1809 brought by the executor for the determination of the validity of a possible claim. Prior to the institution of the proceeding, the claim was never formally presented to the executor. The petition alleged that the executor had knowledge of a claim that may be asserted by the decedent’s four brothers and four sisters.
The claim arose because the decedent and his brother Harry were general partners in a certain limited partnership, the decedent’s brothers Max and Isidore and his sister Betty, along with the decedent and Harry, were limited partners in one limited partnership that acquired and owned certain land located at 67 Broad Street, New York City, and the same parties had similar interests in another limited partnership that was to acquire for investment the leasehold on 67 Broad Street. The respective partnership agreements in the two companies provided that the death of a general partner or limited partner should not cause the dissolution of the respective partnerships, but the legal representatives of such deceased partner should succeed to the capital contribution with all the rights and powers formerly held by a deceased partner.
It was alleged by the executor’s petition that the general partners other than the decedent’s brothers and sister were not affected by the proceeding to determine the validity of a claim. The partnerships were created pursuant to agreements dated February 16, 1959. On March 11, 1959 the decedent, his brother Harry and his brother Max and other nonrelative general partners entered into a memorandum of agreement relating to the interests of all the said general partners in ‘1 various companies, operating same under Articles of Limited Partnerships ”.
In that agreement, provision was made as follows: “ 1. That in the event of the death of any party hereto, the proceeds and benefits specifically received and accruing to any of such parties from both the management of real property or benefit or proceeds inuring to such party by reason of his status as a General Partner from any Limited Partnerships of which such parties -were members, such benefits and accruals shall inure to and become and be payable to the surviving spouse of any deceased party hereto and in the event that the party hereto shall die without a spouse him surviving, then the benefits hereinabove provided for shall inure to and become and be payable to his next of kin or heirs at law.”
*510 The decedent, Louis Denberg, was unmarried and had no children. All of the other general partners were married and living with their respective spouses and children. All of the decedent’s brothers and sisters had spouses and/or children. The decedent’s will names as executor his nephew Irving Denberg and under his will, Irving’s children, Michael Denberg and Linda, are residuary beneficiaries.
The petitioner-executor, Irving Denberg, alleged that the decedent was mistaken both as to the meaning and legal import of the clause ‘ ‘ next of kin or heirs at law ’ ’ and that the decedent’s partners were also mistaken when they signed the memorandum of agreement dated March 11, 1959; that the decedent ‘ ‘ understood that his share, since he had no spouse or children, would ‘ inure to and become and be payable to ’ those of his blood named in his Last Will and Testament ”.
In an answer, all of the brothers and sisters except Max appeared by attorney, asserted their claim arising out of the March 11, 1959 agreement not only against the Broad Street property partnerships, but also against two other partnerships, namely Denberg Brothers and Denberg & Turner, and claimed as ‘ ‘ heirs at law or next of kin the interests of the decedent on such parcels of real estate partnerships and/or limited partnerships owned or existing at the time of death of the decedent ”. Claim was made to any income or benefits collected by the executor of the estate and a jury trial was demanded. All who qualify as heirs at law or next of kin except Max Denberg, and who might be affected by the provision of the March 11, 1959 agreement are before this court.
In a decision (N. Y. L. J., Aug. 19, 1970, p. 10, col. 1) this court ruled on the right of the claimants to a jury trial. It was said: ‘ ‘ The claimants are not entitled to a jury trial in the accounting proceeding. The proceeding under section 1809 is a preliminary step in the accounting proceeding. Whether the claim should be tried preliminarily or in the full accounting is a matter that the court will decide after the expiration of the sixty days. If the claimants decide to proceed in another court, this proceeding will be deemed terminated. ”
After lapse of the 60-day period within which an action could have been instituted in another court, this matter was set down for a hearing by decision of this court (N. Y. L, J., Nov. 30, 1970, p. 19, col. 8), where it was said: “ The preliminary issues in this contested proceeding to determine the validity of the claim are (1) the validity of the agreement of March 11, 1959; (2) the meaning and interpretation of that agreement. There *511 may be other issues to be tried later. The court has accordingly placed this matter upon its calendar for hearing on the 10th day of March, 1971 at 10:30 a.m. for the submission of proof on the two preliminary issues stated above. ”
The hearing commenced on March 29, 1971 at which time one of the general partners who is not a relative was called to testify in behalf of the executor. In a colloquy prior to the witnesses’ testimony, any claim that the March 11, 1959 agreement was brought about by the exercise of fraud was withdrawn. Counsel for the executor, Mr. Madonick stated: “ This hearing involves two questions and I believe two questions only; mainly, the validity of an agreement of March 11, 1959 and two, the meaning and interpretation of that agreement ”.
Now, counsel is beijbre this court on this motion with alternative prayers: (1) to dismiss the proceeding because the court lacks jurisdiction or because the court cannot enforce an accounting of the various partnerships since neither the partnerships nor the general partners are before this court; or (2) for permission to discontinue this proceeding without prejudice because this is not a proper case for proceeding under section 1809; or (3) if the foregoing relief is denied, that the court withdraw its order for a preliminary hearing and permit the amendment of the petition and the service of a reply and answer to the cross petition so that the petitioner may plead (a) invalidity of the March 11, 1959 agreement in that it attempts to modify, alter and change the respective partnership agreements of February 16,1959 and February 26,1959 and that this document was not executed by all the parties of the partnership agreement, and (b) that the March 11, 1959 document is testamentary in nature and is invalid for the reason that it was not executed in accordance with statutory requirements, and (c) that the March 11,1959 document is unclear and ambiguous and so inconsistent and indefinite as to be invalid and unenforceable.
The motion is denied in all respects. The petitioner may under the plea of invalidity of the claim set forth in the petition on his case submit proof of invalidity for the reasons set forth in (a), (b), (c) above. There is no necessity for pleading to the cross petition.
To repeat, except for Max Denberg who has not chosen to appear, all parties who might have an interest in the March 11, 1959 agreement as heirs at law and next of kin of the decedent are before the court. All those who claim thereunder are here. The jurisdiction of this court was not invoked by them. This *512 proceeding was brought on by the executor almost a year ago.
As Chief Judge Cardozo said in Matter of Raymond v. Davis (248 N. Y. 67, 72) : “ To remit the claimant to another forum after all these advances and retreats, these reconnaissances and skirmishes, would be a postponement of justice equivalent to a denial. If anything is due him, he should get it in the forum whose aid he has invoked. ”
In that landmark case, Chief Judge Cardozo also indicated that as to a partnership, the Surrogate had jurisdiction to order a liquidation as an incident to the allowance or the rejection of a claim to share as creditor in the assets of the estate. He said (p. 71): “ Only by such relief can there be complete justice between the parties without oppressive expense or harrowing delay. A Surrogate’s Court has jurisdiction ‘ to administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental "citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires ’ (Surrogate’s Court Act, § 40). ”
Judge Cardozo further said (p. 72): “ ‘ Concentration of jurisdiction as to decedents’ estates ’ (per Foley, S., in Matter of Haigh, supra) is the purpose clearly revealed in the statutory scheme. ‘ The State has empowered surrogates in unmistakable language, and it is not the function of the courts to discover or to fashion reasons for thwarting the manifest policy ’ (per Thomas, J., in Matter of Coombs, 185 App. Div. 312, 314). ”
Surrogate Foley in Matter of Kalik (178 Misc. 607, 608) discussed the jurisdiction of the Surrogate over surviving partners and said: “ The pertinent provisions of the Surrogate’s Court Act and the decisions which have construed them clearly indicate, first, the proper boundaries of jurisdiction of this court in cases involving an alleged or actual partnership between the decedent and some other person and, second, cases which lie outside such boundaries.
‘' The first class of proceedings, where jurisdiction may be entertained under the broad grant of section 40 of the Surrogate’s Court Act, may be divided into four groups: (a) Where the surviving partner asserts a claim against the estate as a creditor (Matter of Raymond v. Davis, 248 N. Y. 67 ; Matter of Winter *513 Estate, 231 App. Div. 519 ; Matter of Belden, 143 Misc. 159) ; (b) where the surviving partner is a beneficiary entitled to share in the distribution of the estate and a question of setoff or counterclaim as against his liability to the estate as the surviving partner may be tried and determined (Matter of James, 149 Misc. 135) ; (c) where the surviving partner is the accounting executor or administrator (Matter of Hearns, 214 N. Y. 426, and cases cited; Matter of Eddy, 175 Misc. 193) ; (d) where the surviving partner, while asserting no claim against the estate, ‘ voluntarily appears ’ in the proceeding. (Surr. Ct. Act, § 40 ; Matter of Raymond v. Davis, supra ; Matter of Gurevitch, 166 Misc. 439.) ”
We have in the instant case surviving partners who claim to be creditors and who have voluntarily appeared in a proceeding brought by the fiduciary to determine the validity of their claim.
The petitioner-executor at this late date argues that this proceeding requires the court to enforce an accounting and that only by such accounting can the court inquire into the title to the various parcels of real estate which the partnerships may or may not have owned at the date of death of the decedent. The petitioner’s counsel succinctly stated the purpose of the proceeding at the opening of the trial to be only the validity of the March 11, 1959 agreement and the meaning and the interpretation of that agreement. In that statement, he was quite correct. In the affidavit in support of this motion that an accounting is required, there is error.
A preliminary determination of validity and a construction of the agreement, if valid, will go far in advancing the prompt administration of this estate and distribution of this decedent’s assets. In a proceeding of this nature, only the fiduciary and the claimants are necessary parties to the proceeding. (See Practice Commentary in McKinney’s Cons. Laws of N. Y. Book 58A, SCPA 1809.)
Under SCPA 1808 where a claim has been rejected, provision is made for the determination of the validity and enforceability of the claim as a preliminary step in the accounting proceeding. Under SCPA 1809, a fiduciary may bring on a proceeding to determine the validity and enforceability of claims. Those sections and indeed the claim itself give this court jurisdiction.
The internal affairs of these partnerships are not involved. What is involved is the decedent’s interest in respective partnerships, under the subject agreement. A determination of the issues between these claimants and the estate will be required *514 at some point in the administration of this estate. The issues having been raised, the trial having commenced, the prompt administration of justice warrants determination now.
Of course, only after a full hearing will this court be in a position to determine whether this agreement applies only to the Broad Street partnerships or other companies in which the decedent had an interest, as claimed by the cross petition.
None other than the decedent’s brothers and sisters and his executor is a necessary party. One brother was cited in the main proceeding and he has defaulted. Jurisdiction over all necessary parties has been accomplished.
CPLR 3217 provides that a party may not discontinue except upon order of the court. In Matter of Lasak (131 N. Y. 624, 626) a petition for probate was filed and the proper parties were cited. The court said the Surrogate (pp. 626, 627): “ had jurisdiction of the subject-matter and of the parties. It was a proceeding in rem to prove the will. All the parties could become actors therein * * * . In ordinary actions it is not always the absolute right of a plaintiff to discontinue his action. In all cases where a defendant becomes an actor and is interested in the continuance and trial of the action, as where he sets up a counter-claim or sets up a claim to property which is in litigation and asks in his answer affirmative relief in reference thereto, he may resist the discontinuance of the action and then it rests in the discretion of the court whether or not the plaintiff shall be permitted to discontinue it. (Carleton v. Darcy, 75 N. Y. 375 ; In Matter of Waverly Water Works Co., 85 id. 478.) So here it was, at least, in the discretion of the surrogate whether or not he would dismiss the proceeding on the motion of the executor. ”
In this case, all the decedent’s brothers and sisters but one have become actors. Their cross petition requests affirmative relief. The claim gives the court jurisdiction. There is strong resistance to discontinuance. The trial is in progress, and it will continue on August 3, 1971 at 10:00 a.m.