■ In the Matter of RITA CUSIMANO, Appellant, v STRIANESE FAMILY LIMITED PARTNERSHIP et al., Respondents, and BERNARD STRIANESE et al., Intervenors-Respondents, et al., Respondents. [949 NYS2d 94]—

"[J]udicial review of arbitration awards is extremely limited" (*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]). Such an award can be vacated by a court pursuant to CPLR 7511 (b) (1) (iii) "if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrator's power" (*Matter of Erin Constr. & Dev. Co., Inc. v Meltzer*, 58 AD3d 729, 729 [2009]). In addition, an arbitration award may be vacated "if the court finds that the rights of [a] party were prejudiced by . . . corruption, fraud or misconduct in procuring the award" (CPLR 7511 [b] [1] [i]; *see Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 81 AD3d 966, 967 [2011]). Contrary to the petitioner's contention, she failed to demonstrate the existence of any of the statutory grounds for vacating the arbitration award (*see Matter of Miro Leisure Corp. v Prudence Orla, Inc.*, 83 AD3d 945, 946 [2011]; *Matter of Green v Liberty Mut. Ins. Co.*, 22 AD3d 755, 756 [2005]; *Boggin v Wilson*, 14 AD3d 523, 524 [2005]).

The petitioner contends, among other things, that the arbitration award, which found that the intervenors are majority owners of the limited partnership, violated public policy under the doctrine of tax estoppel. More specifically, the petitioner contends that the intervenors should have been estopped from claiming such majority ownership because of the allegedly contrary position set forth on partnership tax returns. Even if the doctrine of tax estoppel is a clear, strong public policy of this State which can be a basis for vacatur of an arbitration award (*see Mahoney-Buntzman v Buntzman*, 12 NY3d 415 [2009]), it is not applicable in this case. The record demonstrates that the partnership tax returns for the relevant years were prepared by a third-party accountant based solely on information provided to him by the respondent Bernadette Strianese. In addition, it is undisputed that the intervenors' individual tax returns were not submitted to the arbitration panel. Under these circum-

stances, both the arbitrators and the Supreme Court correctly concluded that the doctrine of tax estoppel was not applicable herein.

The Supreme Court properly exercised its discretion in denying that branch of the petitioner's motion which was for leave to renew her opposition to the intervenors' prior motion to compel arbitration. The petitioner did not offer a reasonable justification for her failure to submit the newly proffered evidence at the time of the original motion, and did not demonstrate that the new evidence would have changed the prior determination (*see* CPLR 2221 [e] [2]; *Blume v A & R Fuels, Inc.*, 32 AD3d 811 [2006]; *Elder v Elder*, 21 AD3d 1055 [2005]; *Renna v Gullo*, 19 AD3d 472 [2005]).

The petitioner's remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.