In the Matter of ROBERT FRANKEL, Deceased. WILBUR F. BRESLIN, Executor of ROBERT FRANKEL, Deceased, Appellant; LYNN FRANKEL FLEETWOOD et al., Respondents. [999 NYS2d 114]—

In a probate proceeding in which the executor of the estate of Robert Frankel petitioned to judicially settle his intermediate account of the estate, the petitioner appeals from so much of an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated September 30, 2013, as denied his motion for summary judgment declaring that a settlement entered into between the petitioner and the objectants is enforceable and dismissing certain objections to the account on that ground and for leave to join Michael Fleetwood as a party respondent.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the estate.

The Surrogate's Court correctly denied that branch of the petitioner's motion which was for summary judgment declaring that a settlement entered into between the objectants and him

was enforceable and dismissing certain of their objections to his intermediate account of the decedent's estate on that ground. The petitioner failed to meet his prima facie burden of eliminating all triable issues of fact as to whether the settlement was voidable on the grounds of fraudulent inducement (*see Bloom v Lugli*, 102 AD3d 715, 718-719 [2013]; *River Ridge Living Ctr., LLC v ADL Data Sys., Inc.*, 98 AD3d 724, 725-726 [2012]) or breach of fiduciary duty (*see A.G. Homes, LLC v Gerstein*, 52 AD3d 546, 548 [2008]; *Matter of Birnbaum v Birnbaum*, 117 AD2d 409, 417-419 [1986]; *Matter of Eddy*, 175 Misc 193, 194 [Sup Ct, NY County 1940]; *cf. Matter of Lifgren*, 36 AD3d 1042, 1044-1045 [2007]). He further failed to demonstrate, prima facie, that the objectants' request to vacate the settlement on those grounds was either time-barred (*see Zumpano v Quinn*, 6 NY3d 666, 675 [2006]; *General Stencils v Chiappa*, 18 NY2d 125, 127-128 [1966]; *Matter of Baird*, 58 AD3d 958, 959 [2009]; *Matter of Piccillo*, 19 AD3d 1087, 1089 [2005]; *Matter of Meyer*, 303 AD2d 682, 683 [2003]) or barred by the doctrine of ratification (*see Standard Funding Corp. v Lewitt*, 89 NY2d 546, 552 [1997]; *Lipman v Vebeliunas*, 39 AD3d 488, 490 [2007]). Accordingly, the denial of that branch of his motion was proper, without regard to the sufficiency of the objectants' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, we decline the objectants' request to search the record and direct the petitioner to return the monies he had previously paid to himself from estate assets, without prior court approval, to satisfy his own claim (*see* SCPA 1805), since triable issues of fact remain as to whether he obtained their informed consent authorizing him to do so as part of the settlement (*see Ledyard v Bull*, 119 NY 62, 72 [1890]; *Matter of Ludlam*, 283 App Div 1111 [1954]; *cf. Matter of Birnbaum v Birnbaum*, 117 AD2d at 420).

The Surrogate's Court also correctly denied that branch of the petitioner's motion which was for summary judgment dismissing the objections insofar as asserted by the objectant Lynn Frankel Fleetwood, which the petitioner made on the grounds that she lacked standing to assert any objections and was barred by the doctrine of tax estoppel. The petitioner's own submissions revealed the existence of triable issues of fact as to whether Lynn Frankel Fleetwood's alleged abandonment of her interest in the estate was invalid because it was based on the petitioner's allegedly fraudulent misrepresentations or omissions concerning the value of the estate. The petitioner also failed to establish, prima facie, that Lynn Frankel Fleetwood was precluded or estopped (*see Matter of Edson v Southold Town*

*Zoning Bd. of Appeals,* 102 AD3d 687, 688 [2013]; *Matter of Cusimano v Strianese Family Ltd. Partnership,* 97 AD3d 744, 745-746 [2012]) from making objections to the intermediate account by virtue of the doctrine of tax estoppel, pursuant to which a party to litigation may not take a position contrary to a position taken in an income tax return filed under oath (*see Mahoney-Buntzman v Buntzman,* 12 NY3d 415, 422 [2009]).

The petitioner failed to demonstrate that Michael Fleetwood is a necessary party to this proceeding (*see* CPLR 1001 [a]) and, thus, the Surrogate's Court did not err in denying that branch of the petitioner's motion which was for leave to join Michael Fleetwood as a party respondent.

The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination. Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.