In the Matter of EDWIN S. LOWE, Deceased. JPMORGAN CHASE BANK, N.A., Appellant-Respondent; BARBARA LOWE FODOR et al., Respondents, and GAIL LOWE MAIDMAN, Respondent-Appellant. [17 NYS3d 302]—In a probate proceeding in which the executor of the estate of Edwin S. Lowe petitioned for the judicial settlement of its final account, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated June 28, 2013, which denied its motion for summary judgment, inter alia, dismissing certain objections to the subject account and declaring that a certain "owners' agreement" is binding and enforceable and, in effect, searched the record and declared that the "owners' agreement" was not enforceable, and the objectant Gail Lowe Maidman cross-appeals from the same order.

Ordered that the cross appeal is dismissed, as Gail Lowe Maidman is not aggrieved by the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, in effect, searched the record and declared that a certain "owners' agreement" is unenforceable; as so modified, the order is affirmed, without costs or disbursements.

Inasmuch as there are questions of fact as to the enforceability of the subject "owners' agreement," the Surrogate's Court erred in, in effect, searching the record and declaring that the "owners' agreement" was unenforceable (*see Matter of Frankel*, 123 AD3d 826, 826-827 [2014]). The court correctly, however, denied the petitioner's motion for summary judgment, inter alia, dismissing certain objections, as there are triable issues of fact as to those objections (*see Matter of Frankel*, 123 AD3d 826, 826-827 [2014]). Mastro, J.P., Balkin, Sgroi and Maltese, JJ., concur.