■ In the Matter of MARY DE SUZE, Respondent-Appellant, and LOUISE GRANT et al., Respondents, v LINDEN PLAZA PRESERVATION et al., Appellants-Respondents, et al., Respondent. [24 NYS3d 370]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Department of Housing Preservation and Development of the City of New York dated March 28, 2008, and action for declaratory relief, Linden Plaza Preservation and Linden Plaza Associates appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 10, 2014, as denied that branch of their motion which was, in effect, for summary judgment declaring that the petitioners/plaintiffs have not been improperly charged monthly "HUD Excess" rent since July 1, 2010, and, upon searching the record, awarded the petitioners/plaintiffs summary judgment, in effect, declaring that the petitioners/plaintiffs have been improperly charged monthly "HUD Excess" rent since July 1, 2010, and the petitioner/plaintiff Mary de Suze cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of Linden Plaza Preservation and Linden Plaza Associates which was for summary judgment, in effect, declaring that the Linden Plaza housing development is still regulated under the Mitchell-Lama program.

Ordered that the order is modified, on the law, by deleting the provision thereof searching the record and awarding summary judgment to the petitioners/plaintiffs, in effect, declaring that the petitioners/plaintiffs have been improperly charged monthly "HUD Excess" rent since July 1, 2010; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the petition/complaint and, thereafter, for the entry of a judgment, inter alia, declaring that the Linda Plaza housing development is still regulated under the Mitchell-Lama program.

The petitioners/plaintiffs (hereinafter the plaintiffs) were tenants of the Linden Plaza housing development (hereinafter the development), which was developed as a participant in the Mitchell-Lama housing program (*see* Private Housing Finance Law § 10 *et seq.*). "The Mitchell-Lama Law . . . is a government program for encouraging the private development of low and middle income housing . . . by offering State and municipal assistance to developers in the form of long-term, low-interest government mortgage loans and real estate tax exemptions" (*Matter of Columbus Park Corp. v Department of Hous. Preserv. & Dev. of City of N.Y.*, 80 NY2d 19, 23 [1992]). The plaintiffs commenced this hybrid CPLR article 78 proceeding and action against, inter alia, Linden Plaza Preservation and Linden Plaza Associates (hereinafter together the Linden defendants), challenging an increase in the plaintiffs' rents. In the amended petition/complaint, the plaintiffs alleged, among other things, that inasmuch as the development's original mortgage was paid off and replaced with a new mortgage in April 2008, the development ceased being a participant in the Mitchell-Lama program, and therefore, the rental increases made pursuant to the Mitchell-Lama Law were improper. Additionally, the plaintiffs alleged that they were improperly charged "HUD Excess" rent. In the order appealed from, the Supreme Court granted that branch of the Linden defendants' motion which was, in effect, for summary judgment declaring that the development is still regulated under the Mitchell-Lama program. However, the court denied that branch of the Linden defendants' motion which was, in effect, for summary judgment declaring that the plaintiffs have not been improperly charged monthly "HUD Excess" rent since July 1, 2010, and, upon searching the record, awarded the plaintiffs summary judgment, in effect, declaring that they have been improperly charged monthly "HUD Excess" rent since July 1, 2010.

The Supreme Court properly granted that branch of the

Linden defendants' motion which was, in effect, for summary judgment declaring that the development is still regulated under the Mitchell-Lama program. The Private Housing Finance Law permits the owner of a Mitchell-Lama development to substitute a new mortgage for an existing mortgage with the approval of its supervising agency (*see* Private Housing Finance Law § 23-c [2]). Here, the Linden defendants submitted documentary evidence demonstrating, prima facie, that the development did not exit the Mitchell-Lama program through voluntary dissolution (*see* Private Housing Finance Law § 35; *cf. Trump Vil. Section 3, Inc. v City of New York*, 109 AD3d 899, 904-905 [2013], *affd* 24 NY3d 451 [2014]), and that, upon refinancing the development's debt in the form of a new mortgage in April 2008, the development remained in the Mitchell-Lama program (*see* Private Housing Finance Law § 23-c). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Contrary to the Linden defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment, in effect, declaring that the plaintiffs have not been improperly charged monthly "HUD Excess" rent since July 1, 2010, as the Linden defendants failed to establish their prima facie entitlement to this relief. However, the court erred in searching the record and awarding the plaintiffs summary judgment, in effect, declaring that they have been improperly charged monthly "HUD Excess" rent since July 1, 2010 (*see generally Matter of Lowe*, 132 AD3d 675 [2015]). Triable issues of fact exist, inter alia, as to whether the Linden defendants were authorized to collect "HUD Excess" rent from the plaintiffs.

The Linden defendants' remaining contention is without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for further proceedings on the petition/complaint and, thereafter, for the entry of a judgment, inter alia, declaring that the development is still regulated under the Mitchell-Lama program (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.