# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**873**
**CA 15-01772**
PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF KAMLEH S. TEHAN, AS EXECUTRIX
OF THE ESTATE OF ROBERT J. TEHAN, DECEASED,
PETITIONER-APPELLANT,                    MEMORANDUM AND ORDER
FOR JUDICIAL DISSOLUTION OF TEHAN'S CATALOG
SHOWROOMS, INC., RESPONDENT-RESPONDENT.

(APPEAL NO. 2.)

---

BARCLAY DAMON, LLP, SYRACUSE (JON P. DEVENDORF OF COUNSEL), FOR
PETITIONER-APPELLANT.

STEATES, REMMELL, STEATES & DZIEKAN, ESQS., UTICA (CARL S. DZIEKAN OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered August 3, 2015. The order, among other things, granted respondent's motion for summary judgment dismissing the petition.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying respondent's motion in part and reinstating the first cause of action, and as modified the order is affirmed without costs.

Memorandum: Petitioner, in her capacity as executrix of the estate of her husband (decedent) commenced this proceeding seeking, inter alia, declaratory relief and dissolution of respondent pursuant to Business Corporation Law § 1104-a. In a prior appeal (*Matter of Tehan v Tehan's Catalog Showrooms, Inc.*, 110 AD3d 1498), this Court affirmed an order that denied respondent's motion insofar as it sought summary judgment dismissing the petition for lack of standing to bring a dissolution proceeding because decedent's estate allegedly did not hold 20% or more of the shares in respondent. That motion was denied without prejudice to renew upon completion of discovery.

Respondent thereafter moved to dismiss the petition pursuant to CPLR 3211 (a) (3) and for summary judgment, and petitioner cross-moved for partial summary judgment dismissing respondent's affirmative defense alleging lack of standing, and seeking the relief sought in the third cause of action in the petition pursuant to Business Corporation Law § 1104-a. In appeal No. 1, petitioner appeals and respondent cross-appeals from an order denying respondent's motion, granting that part of petitioner's cross motion seeking summary judgment dismissing the affirmative defense alleging lack of standing,

and otherwise denying the cross motion.

Following entry of the order in appeal No. 1, respondent again moved for summary judgment dismissing the petition, and petitioner cross-moved for various forms of relief.  In appeal No. 2, petitioner appeals from an order granting the motion and denying her cross motion.

At the outset, we note that the appeal from the order in appeal No. 1 must be dismissed inasmuch as that order is subsumed in the final order in appeal No. 2 (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988, 988; *see also* CPLR 5501 [a] [1]).  In addition, although respondent's cross appeal must also be dismissed because it is not aggrieved based on the final order in appeal No. 2 granting its motion and dismissing the petition (*see* CPLR 5511; *Matter of Speis v Penfield Cent. Schs.*, 114 AD3d 1181, 1183), we may nevertheless consider its contentions as alternative grounds for affirmance of the order in appeal No. 2 (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546; *Matter of Harnischfeger v Moore*, 56 AD3d 1131, 1131-1132).

We agree with petitioner that Supreme Court erred in granting that part of respondent's motion seeking summary judgment dismissing the first cause of action.  That cause of action sought judgment declaring, inter alia, that the shareholders' agreement executed in 1980 by decedent and the other shareholders of respondent had been abandoned, and that respondent had waived its right to redeem the shares held by decedent's estate under the terms of the agreement by, among other things, failing to exercise that right in a timely manner. Even assuming, arguendo, that respondent met its burden of establishing its entitlement to judgment, we conclude that questions of fact remain whether respondent abandoned the agreement (*see Tehan*, 110 AD3d at 1499; *Rosiny v Schmidt*, 185 AD2d 727, 732, *lv denied* 80 NY2d 762), waived its right to redeem decedent's shares (*see Estate of Kingston v Kingston Farms Partnership*, 130 AD3d 1464, 1465), or agreed to toll the time limitations of the agreement (*see generally Beacon Term. Corp. v Chemprene, Inc.*, 75 AD2d 350, 354, *lv denied* 51 NY2d 706).  We therefore modify the order in appeal No. 2 accordingly.

The court properly granted that part of respondent's motion seeking summary judgment dismissing the second cause of action, which alleged that respondent breached an agreement with petitioner that was reached orally in August 2011 and later confirmed in a letter in January 2012.  Respondent established as a matter of law that the alleged agreement is unenforceable inasmuch as it amounted " 'to no more than an agreement to agree' " (*Anderson v Kernan*, 133 AD3d 1234, 1235; *see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109-110).

Finally, the court also properly granted that part of respondent's motion seeking summary judgment dismissing the third cause of action, which sought relief under Business Corporation Law § 1104-a based upon respondent's alleged oppressive conduct.  As a preliminary matter, we reject respondent's contention that the court

erred in denying that part of its prior motion in appeal No. 1 seeking summary judgment dismissing that cause of action based upon petitioner's alleged lack of standing under section 1104-a and in granting that part of petitioner's cross motion seeking summary judgment dismissing the affirmative defense based upon lack of standing.  Respondent did not meet its burden of establishing its entitlement to judgment with respect to petitioner's lack of standing (*see Tehan*, 110 AD3d at 1499).  As the court properly concluded, moreover, respondent is estopped from taking a position in this proceeding contrary to the position taken in its tax returns that decedent's estate owned a 20% interest in respondent (*see Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422; *Matter of Frankel*, 123 AD3d 826, 827-828).  The court also properly concluded, however, that respondent established its entitlement to judgment dismissing the Business Corporation Law § 1104-a cause of action, and petitioner failed to raise an issue of fact.  Viewed in the light most favorable to petitioner, the nonmoving party on this motion for summary judgment (*see Branham v Loews Orpheum Cinemas, Inc.*, 8 NY3d 931, 932), the evidence established that respondent's alleged conduct did not defeat petitioner's reasonable expectations or otherwise amount to oppressive conduct within the meaning of the statute (*see Orloff v Weinstein Enters.*, 247 AD2d 63, 67; *see generally Matter of Kemp & Beatley [Gardstein]*, 64 NY2d 63, 72).

Entered:  November 10, 2016                     Frances E. Cafarell
                                                Clerk of the Court