■ In the Matter of BARTON KAPLAN, Deceased. ROBERT KAPLAN, Respondent; HEATHER KAPLAN et al., Appellants. [55 NYS3d 265]—

In a probate proceeding in which the administrator of the estate, Robert Kaplan, petitioned for the judicial settlement of his account, the objectants appeal, as limited by their brief,

from so much of an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated September 30, 2015, as denied that branch of their motion which was for summary judgment granting certain of their objections to the account, and granted the administrator's cross motion dismissing the objections on the ground of lack of standing.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the administrator's cross motion for summary judgment dismissing the objections on the ground of lack of standing, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants payable by the estate.

On June 30, 2002, the decedent died intestate. The petitioner, who is the decedent's father and administrator of the estate, would have inherited the decedent's entire estate. However, the petitioner renounced his interest in the estate by serving and filing a "renunciation and disclaimer" (hereinafter the renunciation; see EPTL 2-1.11). As a result of the renunciation, the objectants, who are the decedent's niece and nephew and the petitioner's grandchildren, were each to receive a one-sixth interest in the estate. The petitioner filed an amended final account dated July 5, 2012. The objectants filed numerous objections to the account.

The objectants moved, inter alia, for summary judgment on certain objections. The petitioner cross-moved for summary judgment dismissing all of the objections on the ground that the objectants lacked standing. He argued that the renunciation was invalid because he conditioned the renunciation on the objectants placing their inheritance in revocable lifetime trusts. The Surrogate's Court denied that branch of the objectants' motion which was for summary judgment granting certain objections and granted the petitioner's cross motion for summary judgment dismissing the objections. The court found that the renunciation was invalid because the petitioner directed that the objectants' inheritance be placed in trusts, and, thus, the objectants lacked standing to challenge the account. The objectants appeal.

The Surrogate's Court erred in granting the petitioner's cross motion for summary judgment dismissing the objections at issue based on a finding that the objectants lacked standing to challenge the accounting. Where, as here, a decedent who died intestate was survived by a parent but no spouse and no issue, the whole of the decedent's estate would be distributed to the surviving parent pursuant to EPTL 4-1.1 (a) (4). In that event,

the objectants, who would not be distributees, would lack standing as persons interested in the estate (*see e.g. Matter of Reape*, 110 AD3d 1082, 1083 [2013]). However, EPTL 2-1.11 (c) (1) provides, in part, that any beneficiary of a disposition "may renounce all or part of such beneficiary's interest." Further, EPTL 2-1.11 (g) provides that "[a] renunciation may not be made under this section with respect to any property which a renouncing person has accepted . . . For purposes of this paragraph, a person accepts an interest in property if such person voluntarily transfers or encumbers, or contracts to transfer or encumber all or part of such interest, or accepts delivery or payment of, or exercises control as beneficial owner over all or part thereof, or executes a written waiver of the right to renounce, or otherwise indicates [an] acceptance of all or part of such interest." Here, the petitioner failed to establish, prima facie, that his renunciation of his interest in the estate was invalid, resulting in him being the sole distributee and the objectants lacking standing as not being persons interested in the estate. The petitioner adduced no evidence to demonstrate that he accepted an interest in the estate by exercising control over it as its beneficial owner prior to his irrevocable renunciation of his interest pursuant to EPTL 2-1.11. Since the petitioner failed to establish his prima facie entitlement to judgment as a matter of law, the court should have denied his motion for summary judgment, regardless of the sufficiency of the objectants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

However, the Surrogate's Court correctly denied that branch of the objectants' motion which was for summary judgment granting certain objections, as there are triable issues of fact as to those objections (*see Matter of Frankel*, 123 AD3d 826 [2014]). Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.